LEOLA TUCKER McCALL, Administratrix of the Estate of LUTHER L. McCALL, Deceased, v. DIXIE CARTAGE & WAREHOUSING INC., and EARL T. STONE.

(Filed 13 December, 1967)

1. **Appeal and Error § 53—**

    Even though the evidence is insufficient to raise the issue of contributory negligence, the submission of such issue cannot be prejudicial when the jury answers such issue in the negative.

2. **Automobiles § 75— Evidence of negligence in leaving tractor on incline without setting hand brake or chocking wheels held for jury.**

    The evidence tended to show that the individual defendant backed his tractor-trailer to the loading ramp at the place where intestate was an

employee, that the air brakes were set on the trailer, that the individual defendant was unable to disengage the tractor and, in his further attempts to do so, put the tractor in reverse for the purpose of loosening the connecting pin, that, without waiting to ascertain the effect of this movement, he left the tractor with the gear set in reverse, and without setting the emergency brake on the tractor or chocking its wheels, that the reverse gear had become worn and would slip into the out-of-gear position, notwithstanding the position of the gear lever in reverse, that intestate was working where he had a right to be, and that the individual defendant knew of intestate's position down an incline from the tractor, and that within minutes after the individual defendant left, the tractor disengaged from the trailer, rolled forward down the incline, and ran over plaintiff's intestate, inflicting mortal injury. *Held:* The evidence was sufficient to be submitted to the jury on the issue of negligence of defendants.

**3. Automobiles § 10—**

Failure to set the emergency brake on a motor vehicle parked on an incline where its unattended movement may involve danger to persons or property, is or may be evidence of negligence, depending upon the circumstances.

**4. Automobiles § 8—**

The driver of a motor vehicle must exercise the care which a reasonable man would use in like circumstances to avoid injury to persons or property, regardless of whether the vehicle is being operated on a public highway or elsewhere. G.S. 20-140.1.

**5. Automobiles § 90—**

An instruction in an automobile accident case which charges that if the jury should find defendant negligent in any one of the specific acts of negligence alleged in the complaint and supported by evidence, to answer the issue of negligence in the affirmative, *held* without error when no prejudicial error appears therein when the charge is read contextually.

APPEAL by defendants from *Clarkson, J.,* April 17, 1967 "A" Session, MECKLENBURG Superior Court.

The plaintiff, Leola Tucker McCall, Administratrix of her husband, Luther L. McCall, instituted this civil action against Dixie Cartage & Warehousing, Inc., and its agent, Earl T. Stone, to recover damages for having negligently and wrongfully caused the injury and death of Luther L. McCall.

On September 24, 1964, plaintiff's intestate was a yard foreman at work for Charlotte Pipe and Foundry Company. The plaintiff alleged, and offered evidence supporting the allegations, that the defendants drove their tractor-trailer unit to the loading ramps of the Charlotte Pipe and Foundry Company's plant in Charlotte for the purpose of receiving, transporting, and delivering a trailer load of the Pipe Company's manufactured products. The defendant Stone, agent of the corporate defendant, backed the trailer unit into the

loading area in such manner as to place the rear of the trailer against the loading ramp. The large van-type trailer occupied practically all the level space in front of which there was a slope downward toward the outside packing and working area. Stone sought to disengage the tractor from the trailer. The coupling mechanism consisted, in part, of a rod, or pin, which passed through a slot (in the fifth wheel) and was held by claws, or grabs, from the other unit. Ordinarily, the claws could be manually released, the pin permitted to drop out, and the two units disengaged. On this particular occasion, the claws failed to release and the pin could not be removed, leaving the tractor on the incline but still engaged to the trailer. The air brakes on the trailer were set — holding it securely against movement. So long as this connection held, the trailer, with its air brakes set, would prevent any forward movement of the tractor.

Stone, the driver, sought to uncouple the units, but discovered the pin could not be removed. He attempted to loosen the pin by starting the engine of the tractor, placing the gears in reverse, and forcing the unit backward. This attempt apparently failed to permit the pin to drop out. Without returning to examine the effect of his reverse movement, Stone left the tractor to telephone a report to his company, trusting to the reverse gear and the attachment to the trailer to hold the tractor. Within minutes after he left, the tractor disengaged from the trailer, rolled forward down the incline, and ran over the plaintiff's intestate. After intensive care in the hospital for 9 days, attended by many doctors, plaintiff's intestate died as a result of his injuries.

The plaintiff alleged the defendants were negligent in that Stone failed to set the hand, or emergency, brake, though available on the tractor, and failed to use chocking devices consisting of wooden blocks, likewise available for the purpose of preventing movement of vehicles on the incline. He trusted to the coupling mechanism and the reverse gear to hold the tractor. The reverse movement, apparently, had disengaged the pin, or left it in such condition as permitted it to fall out. The reverse gear proved insufficient to hold the tractor on the incline. The reverse gear had become worn and the gear lever would slip out of adjustment and the "assist linkage" would remain in the out-of-gear position, notwithstanding the position of the gear lever in reverse.

The plaintiff alleged two causes of action, the first for wrongful death, and the second for pain, suffering, medical expenses and care incident to treatment after the accident, and before death.

The defendants filed answer denying negligence and pleading the contributory negligence of McCall. However, the defendants did not

offer evidence. The Court submitted issues which the jury answered as here indicated:

"1. Was plaintiff's intestate, Luther L. McCall, injured and his death caused by the negligence of the defendants as alleged in the complaint?
ANSWER:   Yes.

2. Did plaintiff's intestate, Luther L. McCall, by his own negligence, contribute to his injury and death as alleged in defendant's *(sic)* further answer and defense?
ANSWER:   No.

3. What amount, if any, is plaintiff entitled to recover of the defendants:
A. For alleged pain and suffering and reasonable medical expenses suffered and incurred by the plaintiff's intestate, Luther L. McCall?
ANSWER:   $15,523.

B. For the alleged wrongful death of plaintiff's intestate, Luther L. McCall?
ANSWER:   $50,000."

From the judgment on the verdicts, the defendants appealed.

*Kennedy, Covington, Lobdell & Hickman by Hugh L. Lobdell; Charles V. Tompkins, Jr., for defendant appellants.*
*Hedrick, McKnight & Parham by Philip R. Hedrick for plaintiff appellee.*

HIGGINS, J.   The defendants, by proper motions, challenged the sufficiency of the evidence to go to the jury on plaintiff's specifications of negligence. The defendants conditionally pleaded plaintiff's contributory negligence. However, the defendants did not offer evidence. The plaintiff's evidence does not establish contributory negligence as a matter of law. Doubtful it is whether the evidence was sufficient to permit the jury to consider contributory negligence. However, since plaintiff was successful before the jury, the submission of the issue was not prejudicial.

The evidence disclosed that plaintiff's intestate was at work where he had a right to be. The defendant Stone knew of intestate's position down the incline from the tractor where its unguarded movement would be likely to result in death or serious injury. Without taking precaution to set the hand, or emergency, brakes on the tractor, and without placing in front of its wheels blocks of wood

(chocks) provided by the Pipe Company for that purpose, Stone left the tractor with the gear lever apparently in reverse, without taking the trouble to ascertain the condition of the coupling mechanism as a result of his efforts to break it loose by the rear movement of the tractor. He must have anticipated the movement would or might uncouple the vehicles. He assumed, negligently we think, they were still securely joined together. It was his duty, in view of the danger, to investigate and see if the clamps, or claws, still held the pin securely in place, or if the pin was out, or was hanging by a thread. *Bennett v. Young,* 266 N.C. 164, 145 S.E. 2d 853; *Short v. Chapman,* 261 N.C. 674, 136 S.E. 2d 40.

Failure to set the emergency brakes on a motor vehicle parked on an incline, where its unattended movement may involve danger to persons or property, is or may be evidence of negligence, depending upon the circumstances. *Arnett v. Yeago,* 247 N.C. 356, 100 S.E. 2d 855; *National Spinning Co. v. McLean Trucking Co.,* 263 N.C. 807, 140 S.E. 2d 534. The evidence is plenary the vehicle started of its own motion from the exact position in which Stone left it. According to Stone's admission, on his adverse examination, the air brakes were cut off. He did not remember setting the emergency brake. He admitted he did not place blocks under the wheels. "Whether the vehicle is being operated on a public highway or elsewhere, the driver must use the care which a reasonable man would use in like circumstances to avoid injury to another." *Bennett v. Young, supra; Stephens v. Southern Oil Co. of North Carolina, Inc.,* 259 N.C. 456, 131 S.E. 2d 39.

One who fails to take safety precautions in parking a vehicle on a highway is guilty of a criminal offense. G.S. 20-124(b); G.S. 20-126; G.S. 20-163. The violation of these and other safety statutes is negligence, *per se,* unless the statute expressly provides otherwise. G.S. 20-140.1 provides: "Any person who shall operate a motor vehicle over any driveway . . . or upon grounds or premises . . . providing parking space for customers . . . without due caution . . . or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving." The section is cited for the purpose of indicating that care must be exercised in places of danger otherwise than upon the public highway.

Finally, the defendants contend the Court should award a new trial for errors in the charge, if it should conclude the evidence is sufficient to survive the motion for nonsuit. The parts of the charge to which the defendants take exception are designed and are included and bracketed A to A, B to B, C to C, and D to D. We quote the part of the charge out of which the exceptions are taken:

". . . If the plaintiff, that is, Mrs. McCall, the Administratrix of Mr. McCall, the deceased, has satisfied you, the jury, from the evidence and by its greater weight, that the defendant, Earl T. Stone, one of the defendants and agent of the corporate defendant, parked the tractor-trailer in the dock on the property of the Charlotte Pipe and Foundry Company, and then after attempting to disengage the tractor from the trailer and failing to do so, (A) left the tractor-trailer with the tractor on an incline without setting the handbrake (A)

\*　　　\*　　　\*

or (B) taking such reasonable precautions as an ordinarily prudent person would do under similar circumstances to prevent the rolling of the tractor down the incline; (B)

\*　　　\*　　　\*

or (C) if the plaintiff has satisfied you by the evidence and by its greater weight that the defendant, Earl T. Stone, at the time and place in question failed to operate this motor vehicle in such a manner, as an ordinarily prudent person would do under the same or similar circumstances and when charged with a like duty; (C)

\*　　　\*　　　\*

or (D) if she has satisfied you from the evidence and by its greater weight, that Mr. Stone, one of the defendants and agent of the corporate defendant, at the time knew, that is, had actual knowledge of some defect or defects in the tractor which might cause it to become disengaged and roll down; or if in the exercise of ordinary care he knew, or should have known of such defects and failed to correct them, and went off and left the tractor and it later rolled down the incline; (D)

\*　　　\*　　　\*

the court instructs you that if the plaintiff has satisfied you by the evidence and by its greater weight of any one or more of these stated facts, that would constitute negligence on the part of these defendants. . . ."

The objection to the charge involved only alleged acts of negligence. Otherwise, there was no objection. The charge followed the theory of the trial. The allegations of the complaint raised the issues. The evidence was sufficient to go to the jury, to require the charge on them, and to support the findings. When read contextually, as it must be, it is unobjectionable. *Griffin v. Watkins,* 269 N.C. 650, 153 S.E. 2d 356.

We have examined all the cases cited in the appellants' carefully

prepared and documented brief. The cases cited and relied on are distinguishable from the case at bar. Especially, the appellants insist the failure to set the handbrakes and the failure to chock the wheels of the tractor are not sufficient acts of negligence to permit the Court to submit them to the jury. Under the circumstances detailed by the evidence in this case, and for the reason heretofore assigned, we think the evidence of negligent acts was amply sufficient to go to the jury and sustain the finding of negligence. *Fuller v. Magatti*, 231 Mich. 213, 203 N.W. 868; *Fone v. Ellison*, 297 Mass. 139, 7 N.E. 2d 737; *Glaser v. Schroeder*, 269 Mass. 337, 168 N.E. 809.

The exceptive assignments do not disclose any reason why the verdict and judgment should be disturbed.

No error.