ROY L. KING, T&DBA KING'S FURNITURE COMPANY v. ADLAY AU-
GUSTA BASS AND WIFE, MARY JEANETTE P. BASS; ALEXANDER
MALPASS, SR., AND ALEXANDER MALPASS, JR.

(Filed 20 March 1968.)

**Trial § 34—**
    The failure of the court to instruct the jury as to which party has the
burden of proof upon an issue is prejudicial error and warrants a new
trial.

APPEAL by defendants Alexander Malpass, Sr., and Alexander
Malpass, Jr., from *Mintz, J.,* August 1967 Civil Session of NEW
HANOVER.

This is a civil action based on contract by which plaintiff seeks
to recover the sum of $601.00, with interest, from defendants, jointly
and severally. Plaintiff contends the sum is due for carpeting in-
stalled in a dwelling house constructed by defendants Malpass and
owned by defendants Bass. Plaintiff further seeks to enforce a lien
under Chapter 44, Article 8, General Statutes of North Carolina,
against the premises belonging to defendants Bass. All defendants
deny owing plaintiff any amount.

Issues were submitted to and answered by the jury as follows:

    "I. Did Adlay Augustus Bass and wife, Mary Jeanette P.
    Bass, enter into an agreement with Roy L. King, trading and
    doing business as King's Furniture Company, for the installa-
    tion of certain carpeting in a house being constructed for them
    in Cape Fear Township, New Hanover County, North Carolina,
    as alleged in the Complaint?
    ANSWER: No.

    "II. Did Alexander Malpass, Sr. and Alexander Malpass,
    Jr. enter into an agreement with Roy L. King, trading and do-
    ing business as King's Furniture Company, for the installation
    or carpet in a house being constructed for Adlay Augustus Bass
    and wife, Mary Jeanette P. Bass, in Cape Fear Township, New
    Hanover County, North Carolina, as alleged in the Complaint?
    ANSWER: Yes.

    "III. What amount, if any, are the defendants indebted to
the plaintiff?
    ANSWER: $601.00."

Defendants Malpass moved to set aside the verdict, which mo-
tion was denied. Judgment was entered against defendants Malpass

in the amount of $601.00, with interest from 2 May 1966, and the action was dismissed as to defendants Bass.

Defendants Malpass appealed.

*Robert Calder for defendants Malpass, appellants.*
*No Counsel Contra.*

PER CURIAM. Appellants' assignments of error include the following:

"1. The Court erred in failing to state anywhere in his charge to the jury that the burden of proof on all the issues was on the plaintiff.

"2. The Court erred in failing to charge concerning the second issue submitted to the jury that the burden of proof was on the plaintiff and the intensity of proof required."

Plaintiff asserted the affirmative on all the issues presented, and the burden was on him to offer evidence in support of all essential and material elements of his cause of action. *Bank v. Construction Co.*, 203 N.C. 100, 164 S.E. 621.

This Court considered the duty of the trial judge to instruct on burden of proof in the case of *Watt v. Crews*, 261 N.C. 143, 134 S.E. 2d 199, wherein Denny, C.J., speaking for the Court, stated:

" 'In *Tippite v. R. R.*, 234 N.C. 641, 68 S.E. 2d 285, this Court said: "G.S. 1-180, as amended, requires that the judge 'shall declare and explain the law arising on the evidence given in the case.' This places a duty upon the presiding judge to instruct the jury as to the burden of proof upon each issue arising upon the pleadings. It is said that ' "the rule as to the burden of proof is important and indispensable in the administration of justice. It constitutes a substantial right of the party upon whose adversary the burden rests; and, therefore, it should be carefully guarded and rigidly enforced by the court. *S. v. Falkner*, 182 N.C. 793, and cases cited." *Hosiery Co. v. Express Co.*, 184 N.C. 478.' *Coach Co. v. Lee*, 218 N.C. 320, 11 S.E. 2d 341; *Crain v. Hutchins*, 226 N.C. 642, 39 S.E. 2d 831." ' "

The trial court failed to give instructions as to the burden of proof on any of the issues. This omission violates a substantial right of appellants and constitutes prejudicial error.

New trial.