JAMES HOWARD WIGGINS v. PARAMOUNT MOTOR SALES, INCORPO-
RATED AND SPALDIN ALLISON, T/D/B/A ALLISON'S DITCHING & SEPTIC
TANK SERVICES

No. 8730SC613

(Filed 1 March 1988)

1. **Automobiles and Other Vehicles § 50.3— negligence in leaving car unattended with motor running**

    In an action to recover for injuries received when plaintiff's vehicle was struck by defendant's runaway flatbed truck after the truck was struck by defendant's runaway loaner car, plaintiff's evidence was sufficient for the jury on the issue of defendant's negligence in leaving the loaner car unattended with the engine running when he knew that the car had transmission problems and a nonfunctional emergency brake.

2. **Automobiles and Other Vehicles § 68— loan of defective car not proximate cause of injury**

    Even if defendant was negligent in loaning the codefendant a defective or unsafe car while the codefendant's vehicle was being repaired, the trial court properly directed a verdict for defendant in plaintiff's action where plaintiff's evidence shows that the negligence of the codefendant in leaving the loaner car unattended with the engine running was the sole proximate cause of plaintiff's injury.

APPEAL by plaintiff from *Hyatt, J. Marlene, Judge.* Judgment and Order entered 19 December 1986 in HAYWOOD County Superior Court. Heard in the Court of Appeals 8 December 1987.

Plaintiff seeks damages for injuries received from the collision of defendant Allison's runaway flatbed truck with plaintiff's pickup truck while plaintiff was parked in Allison's business parking lot. Allison's truck had been dislodged by yet another runaway vehicle, a 1973 Oldsmobile sedan, which had been loaned to him by defendant Paramount Motor Sales, Inc. Alleging various negligence and warranty theories, plaintiff named both Paramount and Allison in his complaint claiming that both were jointly and severally liable. Plaintiff further alleged that Allison acted as an agent for Paramount and that his negligence could therefore be imputed to Paramount.

The cause came on for trial 15 December 1986. Plaintiff's evidence tended to show that on Sunday, 5 February 1985, plaintiff sustained bodily injuries from the collision of Allison's flatbed truck with plaintiff's truck which was parked in Allison's parking

area. Allison had earlier released its emergency brakes and placed its gears in neutral in order to repair the truck's universal joint. To secure the truck's position, Allison had placed "scotch" blocks behind the truck's wheels.

The evidence further tended to show that the 1973 Oldsmobile loaned to Allison (while his car was being repaired by Paramount) had transmission problems, which Allison was aware of, and that the emergency brake was nonfunctional. Allison also noticed that the engine was difficult to start and idled at one-third full throttle when cold. Paramount had assured Allison that the Oldsmobile had just been serviced and was "mechanically sound."

Around 2:00 p.m. on that Sunday while gasing up the loaner car, Allison left it unattended but in "park" gear and with the engine running while he answered a phone call inside his shop. He had been on the phone for approximately two minutes when, as he was returning to the loaner car, he noticed plaintiff in his pick-up truck out in front of the shop. Plaintiff had stopped at Allison's business to talk to Allison.

After Allison had spoken with plaintiff for a few minutes, he heard wheels spinning and looked up to see the loaner car backing into the flatbed truck and knocking the truck off the scotch blocks. The two vehicles then rolled down the 2 percent (grade) incline together toward a front-end loader. The flatbed truck hit the bucket of the front-end loader which diverted the truck's course sending it rolling towards the plaintiff's truck. The flatbed truck crashed into the passenger side of plaintiff's truck before plaintiff could move, thereby injuring plaintiff.

At the close of plaintiff's evidence, defendants moved for a directed verdict pursuant to Rule 50(a) of the N.C. Rules of Civil Procedure. The trial court granted defendants' motions, dismissing the plaintiff's action with prejudice. From the trial court's Order granting the directed verdicts, plaintiff appeals.

*Alley, Hyler, Killian, Kersten, Davis & Smathers, by Patrick U. Smathers and Robert J. Lopez, for plaintiff-appellant.*

*Morris, Golding, Phillips & Cloninger, by Thomas R. Bell, Jr., for defendant-appellee Paramount Motor Sales, Inc.*

*Roberts, Stevens & Cogburn, P.A., by Frank P. Graham and Glenn S. Gentry, for defendant-appellee Spaldin Allison, t/d/b/a Allison's Ditching & Septic Tank Services.*

WELLS, Judge.

Plaintiff first contends that the trial court erred in granting defendants' Motions for a Directed Verdict. We agree as to defendant Allison and award a new trial, but we affirm the trial court's Order as to defendant Paramount Motor Sales, Inc.

A Motion for a Directed Verdict under N.C. Gen. Stat. § 1A-1, Rule 50(a) of the Rules of Civil Procedure tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the plaintiff. On such a motion, the plaintiff's evidence must be taken as true and the evidence must be considered in the light most favorable to the plaintiff, giving the plaintiff the benefit of every reasonable inference to be drawn therefrom. A directed verdict for the defendant is not properly allowed unless it appears as a matter of law that a recovery cannot be had by the plaintiff upon any view of the facts that the evidence reasonably tends to establish. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977); *Everhart v. LeBrun*, 52 N.C. App. 139, 277 S.E. 2d 816 (1981); *see also Koonce v. May*, 59 N.C. App. 633, 298 S.E. 2d 69 (1982). As our Supreme Court has recently stated, "[O]nly in exceptional cases is it proper to enter a directed verdict . . . against a plaintiff in a negligence case." *Taylor v. Walker*, 320 N.C. 729, 360 S.E. 2d 796 (1987). "Issues arising in negligence cases are ordinarily not susceptible of summary adjudication because application of the prudent man test, or any other applicable standard of care, is generally for the jury." *Id.*

Whether a motor vehicle is being operated on a public highway or elsewhere, the driver must use the care which a reasonable person would use in like circumstances to avoid injury to another. *McCall v. Dixie Cartage & Warehouse, Inc.*, 272 N.C. 190, 158 S.E. 2d 72 (1967) (accident at loading ramp of a warehouse); *Bennett v. Young*, 266 N.C. 164, 145 S.E. 2d 316 (1965) (construction site accident); *see also Speight v. Hinnant*, 61 N.C. App. 711, 301 S.E. 2d 520 (1983) (driveway accident).

N.C. Gen. Stat. § 20-163 (1983), "Unattended motor vehicles," provides, in pertinent part: "No person . . . in charge of a motor vehicle shall permit it to stand unattended on a public highway or public vehicular area without first stopping the engine [and] effectively setting the brake . . . ." We cite this statute for the purpose of indicating that due care in the operation of motor vehicles must be exercised in places other than upon public highways. *See McCall, supra.*

[1]   We are persuaded that plaintiff's evidence tending to show that defendant Allison left his loaner car, which he knew to be without an emergency brake, parked with the engine running at a relatively high speed near the place where he was conversing with plaintiff was sufficient to take the case to the jury on the issue of whether defendant Allison was negligent in the operation of his loaner car. We therefore order a new trial as to defendant Allison.

We note at this point that in his Motion for a Directed Verdict, defendant Allison suggests as a grounds that plaintiff did not sue the right person, since the action was brought against defendant Allison, t/d/b/a Allison's Ditching & Septic Tank Services. This position is feckless and we reject it without discussion.

[2]   Plaintiff also contends that the trial court erred in granting defendant Paramount Motors' Motion for a Directed Verdict. We disagree. Even if plaintiff's evidence tended to show that Paramount was negligent in loaning a defective or unsafe car to defendant Allison, *see Austin v. Austin,* 252 N.C. 283, 113 S.E. 2d 553 (1960); *Stilley v. Automobile Enterprises,* 55 N.C. App. 33, 284 S.E. 2d 684, *cert. denied,* 305 N.C. 307, 290 S.E. 2d 708 (1982), there is no evidence that such negligence was a proximate cause of plaintiff's injury. Rather, plaintiff's evidence clearly tends to show that the negligence of defendant Allison in leaving the car unattended with the engine running was the sole proximate cause of plaintiff's injury.

The result is:

As to defendant Paramount Motors,

No error.

As to defendant Allison,

New trial.

Judges PHILLIPS and PARKER concur.