AMIE LEIGH MAYE, Plaintiff v. GILBERT GOTTLIEB and wife, NORA WILLIS GOTTLIEB, Defendants

No. COA96-502

(Filed 1 April 1997)

**1. Automobiles and Other Vehicles § 637 (NCI4th)— intersection collision—warning sign—failure to reduce speed—not contributory negligence**

In an action arising from a collision at an intersection at which plaintiff had a yellow flashing light and defendant had a red flashing light and a stop sign, plaintiff was not contributorily negligent for failing to decrease her speed in response to a warning sign suggesting a safe speed of 35 m.p.h. where all of the evidence established that plaintiff was driving within the applicable 45 m.p.h. speed limit at the time of the accident.

**Am Jur 2d, Automobiles and Highway Traffic § 422.**

**2. Automobiles and Other Vehicles § 743 (NCI4th)— yellow flashing light—instruction on duties not required**

In an automobile accident case arising from an intersection collision, the trial court's refusal to give defendant's requested instruction on plaintiff's duty with respect to a yellow flashing light was not error where the evidence did not support an instruction concerning any duties of plaintiff.

**Am Jur 2d, Automobiles and Highway Traffic §§ 232, 233, 248, 254.**

Appeal by defendants from judgment entered 25 October 1995 by Judge Stafford G. Bullock in Wake County Superior Court. Heard in the Court of Appeals 15 January 1997.

*Tantum & Hamrick, by George N. Hamrick, for plaintiff-appellee.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Mark E. Anderson and Claire A. Modlin, for defendants-appellants.*

LEWIS, Judge.

This appeal arises out of an automobile accident which occurred between plaintiff and defendant Gilbert Gottlieb on 14 January 1994

at approximately 7:10 pm at the intersection of Mitchell Mill Road and Forestville Road. Defendant Nora Gottlieb was the owner of the car driven by Gilbert Gottlieb at the time of the accident. On 1 December 1994, plaintiff filed this action alleging that she was damaged as a result of Mr. Gottlieb's negligence. Defendants answered and asserted the defense of contributory negligence.

At trial, the judge ruled that plaintiff was not negligent as a matter of law and submitted only two issues to the jury: whether plaintiff was injured by the negligence of defendants and if so, how much she was entitled to recover. The jury found defendants liable and awarded plaintiff $1,200.00 in damages. Defendants appeal.

The parties stipulated to the following facts: On 14 January 1994, plaintiff was driving east on State Road 2224 ("Mitchell Mill Road") at approximately 7:10 p.m. At approximately the same time, defendant Gilbert Gottlieb, operating a vehicle owned by defendant Nora Gottlieb, was travelling south on State Road 2049 ("Forestville Road").

At trial, Trooper Robert Bowen, of the North Carolina State Highway Patrol, testified that he was called to the scene of the accident on 14 January 1994. He stated that the speed limit on Mitchell Mill Road near the Forestville Road intersection is 45 miles per hour ("m.p.h."), but that prior to the intersection there is a sign warning drivers of the upcoming intersection and suggesting a safe speed of 35 m.p.h. Trooper Bowen further testified that a yellow flashing light faces traffic on Mitchell Mill Road at the intersection, while a stop sign and a red flashing light face traffic on Forestville Road. Additionally, Trooper Bowen testified that based on his investigation, he determined Ms. Maye had been travelling 45 m.p.h. at the time of the accident.

Plaintiff testified that as she approached the intersection with Forestville Road, she saw a car to her left stopped at a stop sign. Ms. Maye further testified that she was travelling approximately 40 or 45 m.p.h. and was aware of the 35 m.p.h. warning sign. According to her testimony, when she was about 20 feet from the intersection, the car suddenly pulled out in front of her and the collision occurred. Plaintiff testified that she had no time to blow her horn, apply her brakes or swerve to avoid the collision. She stated that there was no indication as she approached that the car was about to enter the intersection.

Defendant Gilbert Gottlieb testified that he came to a complete stop that evening at the stop sign on Forestville Road. After looking in both directions and seeing no oncoming cars, he pulled into the intersection. He testified that only when he had entered the intersection did he see plaintiff's car.

[1] On appeal, defendants first argue that the trial court erred in granting a directed verdict for plaintiff on the issue of contributory negligence. They contend that the evidence presented raises an issue of fact as to plaintiff's contributory negligence. We disagree.

In reviewing a trial court's grant of a directed verdict, the evidence must be considered in the light most favorable to the nonmoving party, who should also be given the benefit of all reasonable inferences. *Snead v. Holloman,* 101 N.C. App. 462, 464, 400 S.E.2d 91, 92 (1991). In order to avoid a directed verdict for plaintiff on contributory negligence, defendants must have presented more than a scintilla of evidence that plaintiff was negligent. *See id.* at 465, 400 S.E.2d at 93. Evidence creating a mere possibility or conjecture is not sufficient to warrant submission to the jury. *McFetters v. McFetters,* 98 N.C. App. 187, 191, 390 S.E.2d 348, 350, *disc. review denied,* 327 N.C. 140, 394 S.E.2d 177 (1990). In considering this issue, we are mindful that contributory negligence is ordinarily a jury question rather than an issue decided as a matter of law. *See Champs Convenience Stores v. United Chemical Co.,* 329 N.C. 446, 456, 406 S.E.2d 856, 862 (1991).

All of the evidence presented establishes that plaintiff was driving within the speed limit. Defendants acknowledge this, but request that we find a jury issue as to plaintiff's contributory negligence because she was exceeding the 35 m.p.h. recommended safe speed limit for the intersection. However, such evidence alone only raises a mere possibility or conjecture that plaintiff was contributorily negligent. Defendants have provided no other evidence that plaintiff failed to use due care at the time of the accident.

We acknowledge, and both parties agree, that warning signs such as the one present at the intersection in question are advisory and not mandatory in nature. In a prior case dealing with the issue of negligence and warning signs, our Supreme Court observed:

The purpose of the advisory signs was to warn passing motorists that there was an intersection ahead and that motorists should observe a speed limit of 35 miles per hour. They put motorists on

notice that there might be conditions ahead, such as traffic in the intersection, which require increased caution. The warning signs and inclement weather were sufficient to enable a reasonable person to foresee that his failure to heed the warning and proceed with increased caution might produce the result which actually ensued here, or some similar result.

*Childers v. Seay,* 270 N.C. 721, 724, 155 S.E.2d 259, 261 (1967). The *Childers* Court therefore determined that there "was ample evidence of negligence on the part of [the motorist] to go to the jury." *Id.* We find this case distinguishable. In *Childers,* the presence of inclement weather together with the warning sign was sufficient to take the case to the jury. In our case, the only asserted evidence of Ms. Maye's negligence is her failure to decrease her speed in response to the warning sign, even though her speed remained within the legal limit at all times.

Even viewing the evidence in the light most favorable to defendants, we hold that defendants have failed to provide more that a scintilla of evidence supporting plaintiff's contributory negligence and accordingly uphold the trial court's directed verdict in favor of plaintiff on this issue. To hold otherwise would raise the warning signs to the level of mandatory speed limits.

[2] Defendants next argue that the trial court erred by refusing to instruct the jury as to plaintiff's duty with respect to the yellow flashing light. The applicable law provides: "When a defendant submits a request for specific instructions which are correct and are supported by the evidence, the trial court commits reversible error in failing to submit the substance of those instructions to the jury." *Alston v. Monk,* 92 N.C. App. 59, 66, 373 S.E.2d 463, 468, (1988), *disc. review denied,* 324 N.C. 246, 378 S.E.2d 420 (1989).

We find no error in the trial court's refusal to give the requested instruction since the evidence does not support an instruction concerning any duties of plaintiff. The trial court correctly refused to submit the issue of contributory negligence to the jury and, therefore, the reasonableness of plaintiff's actions were not before the jury. The court had already decided that there was no evidence to support any breach of duty on her part.

No error.

Judges WALKER and MARTIN, MARK D. concur.