JEAN MARIE OSETEK, Plaintiff v. JASON LEE JEREMIAH, Defendant

No. COA04-742-2

(Filed 15 November 2005)

### 1. Damages and Remedies— medical—instructions—presumption of reasonableness

Although the trial court in an automobile accident case did not give plaintiff's requested instruction on the rebuttable presumption of the reasonableness of medical charges, the instructions given were accurate statements of law and were fully supported by the evidence.

### 2. Motor Vehicles— new trial denied—instructions proper

A new trial was not warranted for erroneous and inadequate instructions in an automobile accident case where the court properly instructed the jury.

### 3. Motor Vehicles— rear-end collision—contributory negligence—directed verdict denied

The trial court correctly granted plaintiff's motion for directed verdict on contributory negligence in an automobile accident case where plaintiff testified that she was stopped at a stop sign when she was hit, and defendant admitted that he was looking to his left as he drove straight ahead and that he could have seen plaintiff's car if he had been looking. Defendant failed to offer any evidence that plaintiff was negligent.

Judge HUNTER concurring in part and dissenting in part.

Appeal by plaintiff from an order filed 11 December 2003 by Judge Henry W. Hight, Jr. in Wake County Superior Court. Heard in the Court of Appeals 13 January 2005. Unpublished opinion filed 16 August 2005. Petition for rehearing granted 19 September 2005, reconsidering the case without the filing of additional briefs and without oral argument. The following opinion supersedes and replaces the opinion filed 16 August 2005.

*E. Gregory Stott for plaintiff-appellant.*

*Hall & Messick, L.L.P., by Jonathan E. Hall and Kathleen M. Millikan, for defendant-appellee.*

BRYANT, Judge.

Jean Marie Osetek (plaintiff) appeals from an order filed 11 December 2003 denying her motion for judgment notwithstanding the verdict (JNOV) and for a new trial for damages arising out of a car accident with Jason Lee Jeremiah (defendant).

On 17 April 2001, plaintiff was operating her car in a southerly direction on Merchant Drive in Apex, North Carolina. Plaintiff stopped her car at a stop sign. Defendant failed to stop his car and drove into the rear end of plaintiff's car.

Plaintiff filed a complaint on 8 March 2002 requesting monetary damages from defendant for personal injuries sustained as a result of the accident. On 1 May 2002, defendant filed an answer which denied negligence and alleged plaintiff was contributorily negligent. By consent order dated 23 September 2003, this case was transferred to the Superior Court Division of Wake County.

At trial, plaintiff tendered and offered into evidence various medical bills totaling $15,554.30 incurred for treatment of her injuries. In addition to her own testimony, plaintiff presented testimony of her chiropractor, Dr. Robert Baric and several other witnesses before resting her case-in-chief.

Plaintiff and defendant's motions for directed verdict at the close of plaintiff's evidence and at the close of all evidence were denied. Plaintiff's motion on the issue of contributory negligence was allowed, all other motions were denied.

During the charge conference, plaintiff offered written requests for special jury instructions on the issues of presumptions and damages which were denied. After the trial court concluded its instructions to the jury, plaintiff renewed objections to the instructions and renewed requests for instructions to the trial court.

The jury returned a verdict answering the first issue, "Was Jean Marie injured by the negligence of the defendant, Jason [Lee] Jeremiah?" "Yes"; and the second issue, "What amount is the plaintiff entitled to recover for her personal injuries?" "$600.00." On 14 August 2003, a written judgment was entered by the trial court for plaintiff to receive $600.00 in damages for personal injuries.

On 18 August 2003, plaintiff filed a written motion pursuant to Rules 50, 59 and 60 of the North Carolina Rules of Civil Procedure for JNOV and for a new trial. By order filed on 11 December 2003, the

OSETEK v. JEREMIAH

[174 N.C. App. 438 (2005)]

trial court denied plaintiff's motion for JNOV and for a new trial. Plaintiff appealed.

On appeal plaintiff raises the following issues whether the trial court erred in: (I) failing to submit plaintiff's requested jury instructions; (II) signing and entering the 14 August 2003 judgment; and (III) denying plaintiff's motion for JNOV and for a new trial. Defendant cross-assigns as error whether the trial court erred in (IV) entry of a directed verdict on the issue of plaintiff's contributory negligence.

I

[1] Plaintiff argues the trial court failed to properly instruct the jury on the issue of presumptions related to the reasonableness of medical care charges and personal injury damages, and she is therefore entitled to a new trial. We disagree.

To prevail on the issue of whether her requested instructions should have been given to the jury, plaintiff must demonstrate that:

(1) the requested instruction was a correct statement of the law, and (2) was supported by the evidence, and that (3) the instruction given, considered in its entirety, failed to encompass the substance of the law requested, and (4) such failure likely misled the jury.

*Liborio v. King*, 150 N.C. App. 531, 534, 564 S.E.2d 272, 274 (2002). A jury charge will be sufficient if it presents the law of the case in such a manner as to leave no reasonable cause to believe the jury was misled or misinformed. *Bass v. Johnson*, 149 N.C. App. 152, 560 S.E.2d 841 (2002). Refusal of a requested charge is not error where the instructions fairly represent the issues. *Bowers v. Olf*, 122 N.C. App. 421, 428, 470 S.E.2d 346, 351 (1996). The decision whether to give jury instructions is within the trial court's sound discretion, and will not be overturned absent an abuse of discretion. *Blackmon v. Bumgardner*, 135 N.C. App. 125, 138, 519 S.E.2d 335, 343 (1999).

Plaintiff contends the trial court should have instructed the jury as follows on the portion of North Carolina Pattern Jury Instructions (N.C.P.I.—Civ. 101.62 (motor veh. vol. 2004)): "[Y]ou will accept as conclusive and binding on you that the charges for hospital, medical, chiropractic, therapy and medication, as to which the plaintiff testified, are reasonable in amount, unless you find that the defendants have produced evidence to the effect that the charges are not reasonable."

N.C. Gen. Stat. § 8-58.1 creates a rebuttable mandatory presumption of the reasonableness of medical charges under certain conditions[1]. N.C.G.S. § 8-58.1 (2003). Where a plaintiff introduces medical bills in support of her testimony, unless the defendant rebuts this presumption with other evidence, the jury must find that the amount is reasonable. *Jacobsen v. McMillan*, 124 N.C. App. 128, 134, 476 S.E.2d 368, 371-72 (1996).

Analyzing the facts in the instant case, plaintiff presented her medical expenses to the jury, which were challenged by defendant's rebuttal evidence. The parties did not stipulate to plaintiff's medical expenses, which left "an issue" for the jury to resolve. *See Blackmon* at 134, 519 S.E.2d at 341 ("[b]ecause the parties did not stipulate to . . . damages, [this issue was] to be considered by the jury.").

Defendant's rebuttal evidence challenged whether plaintiff's medical treatment and expenses from the 2001 collision were reasonable and necessary. Defendant's evidence showed plaintiff had been receiving chiropractic care since 1995 for low back pain resulting from a prior collision. Testimony from the chiropractor and the physical therapist showed plaintiff accumulated substantial medical bills for various other treatments. Defendant's evidence challenged the legitimacy of these treatments and whether the resulting medical charges were a proximate cause of the 2001 collision with defendant.

Thereafter, the trial court gave the following instructions in pertinent part:

> The Plaintiff may also be entitled to recover actual **damages**. On this issue, the **burden of proof is on the Plaintiff**. This means that the Plaintiff must **prove by the greater weight of the evidence the amount of actual damages proximately caused by the negligence of the Defendant**, Jason Lee Jeremiah. **Actual damages are the fair compensation to be awarded to the person for any past, present or future injury proximately**

---

1. N.C. Gen. Stat. § 8-58.1 states:

Injured party as witness when medical charges at issue—Whenever an issue of hospital, medical, dental, pharmaceutical, or funeral charges arises in any civil proceeding, the injured party or his guardian . . . is competent to give evidence regarding the amount of such charges, provided that records or copies of such charges accompany such testimony. The testimony of such a person establishes a rebuttable presumption of the reasonableness of the amount of the charges.

N.C.G.S. § 8-58.1 (2003).

**caused by the negligence of another**. The total of all damages are to be awarded in one lump sum. Such damages may **include medical expenses, loss of earnings, pain and suffering, and permanent injury**. I would now explain the law of damages as it relates to each of these. Medical expenses includes all hospital, doctor, chiropractic, physical therapy and drug bills **reasonably paid or incurred by the Plaintiff as a proximate result of the negligence of the Defendant**. . . .

Members of the jury, if you reach th[e] issue [of damages], I want to caution you that you're not to mention, discuss or consider in any respect any matter that is not in evidence in this case which did not arise as a reasonable inference from the evidence in this case in arriving at the amount of damages you award. This is most important because your consideration of such matters would have to be based on speculation, and might well be inaccurate and could result in an injustice to one party or the other. Also, for you to consider or speculate on any matter not in evidence or not reasonable [sic] inferred from the evidence in arriving at the amount of damages would be a violation of your oath as a juror, which binds you to follow the law as given you by the Court in arriving at your verdict. **The appropriate measure of damages in this case given you by the Court is provided by law, and you should consider this measure only**. I instruct you that if you reach this issue, your decision should be **based on the evidence and the rules of law I've given you with respect to the measure of damages. You're not required to accept the amounts of damages suggested by the parties or their attorneys**. Your award should be fair and just. You should remember that you're not seeking to punish either party and you're not awarding or withholding anything on the basis of sympathy or pity. Finally, as to this second issue [of damages] on which the Plaintiff has the burden of proof, **if you find by the greater weight of the evidence the amount of actual damages proximately caused by the negligence of Defendant, Jason Lee Jeremiah, then it would be your duty to write that amount in the blank space provided. If, on the other hand, you fail to so find, it would be your duty to write a nominal number, such as one dollar, in the blank space provided.**

N.C.P.I.—Civ. 101.62 (motor veh. vol. 2004) (emphasis added).

Here, the trial court's instructions as to plaintiff's medical treatment and damages were accurate statements of law and were fully supported by the evidence. Moreover, there is nothing to indicate the jury was in any way misled. Therefore, we find the trial court has properly instructed the jury. This assignment of error is overruled.

## II & III

**[2]** We combine issues II and III, in which plaintiff challenges the trial court's denial of her motions for judgment notwithstanding the verdict and for a new trial.

Whether to grant or deny a motion for a judgment notwithstanding the verdict or a new trial is within the sound discretion of the trial jury and absent a manifest abuse of discretion, the trial court's ruling will not be disturbed. *Fenz v. Davis*, 128 N.C. App. 621, 624, 495 S.E.2d 748, 751 (1998); *Smith v. Price*, 315 N.C. 523, 527, 340 S.E.2d 408, 411 (1986). An assignment of error concerning the signing and entry of a judgment "presents only the question of whether an error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment and whether the judgment is regular in form." *Green v. Maness*, 69 N.C. App. 403, 407, 316 S.E.2d 911, 913, *disc. rev. denied*, 312 N.C. 622, 323 S.E.2d 922 (1984).

Plaintiff argues a new trial is warranted because the instructions as given by the trial court were inadequate and erroneous as a matter of law. Because we have found the trial court properly instructed the jury under the law, this assignment of error is overruled.

## IV

**[3]** Defendant cross-assigns as error the trial court's granting of plaintiff's motion for directed verdict as to contributory negligence.

A motion for a directed verdict tests the legal sufficiency of the evidence to take the case to the jury and supports a verdict for the plaintiff. *Wiggins v. Paramount Motor Sales, Inc.*, 89 N.C. App. 119, 121, 365 S.E.2d 192, 194 (1988). Where a defendant pleads contributory negligence, "a motion for directed verdict is properly granted against the defendant where the defendant fails to present more than a scintilla of evidence in support of each element of his defense." *Snead v. Holloman*, 101 N.C. App. 462, 464, 400 S.E.2d 91, 92 (1991). Evidence which merely raises a conjecture as to plaintiff's negligence will not support a jury instruction. *Radford v. Norris*, 74 N.C. App. 87,

88, 327 S.E.2d 620, 621, *disc. rev. denied,* 314 N.C. 117, 332 S.E.2d 483 (1985) (citation omitted).

In the instant case, plaintiff testified, "I drove through the parking lot to the exit that goes out to 64 because that would be how I go home. I stopped at the stop sign. I was turned left watching for traffic to clear. It was pretty busy, because it was lunchtime. And I was hit." Plaintiff further testified she had been stopped for "a good while" before she was hit. Defendant admitted he did not know what plaintiff was doing because he was looking to his left while driving straight ahead. On cross-examination, defendant stated that had he been looking straight, before starting to move forward, he could have seen plaintiff's stopped car. Defendant failed to offer any evidence to show plaintiff was negligent. Therefore the trial court's ruling on plaintiff's motion for directed verdict as to contributory negligence was proper. *See Maye v. Gottlieb,* 125 N.C. App. 728, 482 S.E.2d 750 (1997) (affirming the trial court's directed verdict in favor of plaintiff where "defendants have failed to provide more that a scintilla of evidence supporting plaintiff's contributory negligence"). This assignment of error is overruled.

Affirm.

Judge JACKSON concurs.

Judge HUNTER concurs in part, dissents in part.

HUNTER, Judge, concurring in part, dissenting in part.

Although I concur with the majority's holding as to defendant's cross-assignment of error of the trial court's grant of plaintiff's motion for directed verdict, I respectfully dissent from the majority's holding as to the trial court's failure to give plaintiff's requested jury instructions. Based on this Court's ruling in the case of *Griffis v. Lazarovich,* 161 N.C. App. 434, 588 S.E.2d 918 (2003), *disc. review denied,* 358 N.C. 375, 598 S.E.2d 135 (2004), I would hold that the trial court erred in failing to give the requested instruction as to the mandatory presumption on the issue of medical damages.

Plaintiff contends that N.C. Gen. Stat. § 8-58.1 creates a mandatory presumption on the issue of the amount of medical damages, and that N.C. Gen. Stat. § 8C-1, Rule 301 requires the court to give such an instruction upon request. I agree.

N.C. Gen. Stat. § 8-58.1 (2003) sets out that:

> Whenever an issue of hospital, medical, dental, pharmaceutical, or funeral charges arises in any civil proceeding, the injured party or his guardian, administrator, or executor is competent to give evidence regarding the amount of such charges, provided that records or copies of such charges accompany such testimony. The testimony of such a person establishes a rebuttable presumption of the reasonableness of the amount of the charges.

*Id.* Rule 301 states: "When the burden of producing evidence to meet a presumption is satisfied, the court *must* instruct the jury that it may, but is not required to, infer the existence of the presumed fact from the proved fact." N.C. Gen. Stat. § 8C-1, Rule 301 (2003) (emphasis added).

It is the trial court's duty to instruct the jury as to the burden of proof upon each issue arising upon the pleadings. *King v. Bass*, 273 N.C. 353, 354, 160 S.E.2d 97, 98 (1968). " ' " 'It is said that " 'the rule as to the burden of proof is important and indispensable in the administration of justice. It constitutes a substantial right of the party upon whose adversary the burden rests; and, therefore, it should be carefully guarded and rigidly enforced by the court[s].[']" ' " ' " *Id.* at 354, 160 S.E.2d at 98 (citations omitted). Our courts have held that

> "when a request is made for a specific instruction, correct in itself and supported by evidence, the trial court, while not obliged to adopt the precise language of the prayer, is nevertheless required to give the instruction, in substance at least, and unless this is done, either in direct response to the prayer or otherwise in some portion of the charge, the failure will constitute reversible error."

*McLain v. Taco Bell Corp.*, 137 N.C. App. 179, 182, 527 S.E.2d 712, 715 (2000) (citation omitted).

In *Griffis v. Lazarovich*, the plaintiff contended, as in this case, that the trial court erred in failing to instruct the jury that the amount of her medical expenses was presumed reasonable. *Griffis*, 161 N.C. App. at 442, 588 S.E.2d at 924. The Court in *Griffis* noted that:

> N.C.R. Evid. 301 states that the trial court must instruct the jury when a statutory or judicial presumption exists. N.C. Gen. Stat.

§ 8C-1, Rule 301 (2001). N.C. Gen. Stat. § 8-58.1 (2001) creates a mandatory presumption of reasonableness for a plaintiff's medical expenses if the medical expenses are an issue and evidence is presented showing the total charges.

*Id.* Therefore, *Griffis* held that an instruction on the mandatory presumption of reasonableness as to medical expenses must be given to the jury when such expenses are at issue and there is evidence of the total charges. In *Griffis*, the Court determined that the amount of medical expenses had already been stipulated to by the parties and were not at issue, and therefore found no error in the failure to give the instruction. *Id.*

Here, as the majority notes, the amount of medical expenses was at issue and was contested by both sides. Further, evidence of the total charges for the expenses was presented by plaintiff and records of expenses were submitted into evidence. Therefore, under the statutory requirements of N.C. Gen. Stat. § 8-58.1, Rule 301, and this Court's holding in *Griffis*, plaintiff's request for instructions as to the mandatory presumption of reasonableness for medical expenses was correct in itself and supported by evidence.

Here, a review of the instructions indicates that the substance of the requested instructions was not given to the jury. The trial court instructed the jury that the burden of proof of damages was on plaintiff and that such damages "may include medical expenses, loss of earnings, pain and suffering, and permanent injury." The trial court also defined medical expenses for the jury. However, nowhere in the instructions did the trial court instruct the jury as to the rebuttable presumption that such charges were reasonable, as required by N.C. Gen. Stat. § 8-58.1.

As the requested instruction was correct and supported by the evidence, the trial court's failure to give the substance of the requested instruction constitutes reversible error. *McLain*, 137 N.C. App. at 182, 527 S.E.2d at 715. I would, therefore, grant a new trial as to damages.