DIETZ, Judge.
This appeal involves a dispute over a parking space. Plaintiffs William Larsen and Robert Allen own a condominium unit at the Arlington Condominiums. The declaration creating the condominium guarantees unit owners on Plaintiffs' floor of the building one parking space, but also provides that the declarant may sell unit owners additional parking spaces. When Larsen originally bought the unit, the seller, Arlington Residential Holdings, LLC, purported to sell him a second parking space.
Years later, Defendant Arlington Condominium Owners Association asserted that Arlington Residential Holdings was not the declarant and thus the purported sale of that parking space was void. The association insisted the Plaintiffs lease their second parking space from the association.
Plaintiffs sued the association alleging adverse possession under color of title and trespass. A jury returned a verdict in Plaintiffs' favor. On appeal, the association's primary argument is that Plaintiffs failed to show possession under color of title.
As explained below, we disagree. Through the combination of the deed, condominium declaration, and contract for sale of the parking space, Plaintiffs produced writings purporting to pass title that contained an adequate description of the property transferred. Accordingly, they presented sufficient evidence to show color of title. We also reject the association's arguments for a new trial and thus find no error in the trial court's judgment.
Facts and Procedural History
On 3 February 2006, Plaintiff William Larsen entered into a purchase agreement with Arlington Residential Holdings, LLC for the purchase of a condominium unit at the Arlington Condominiums in Charlotte. The purchase agreement stated that "the Buyer shall be entitled to 2 parking space(s) to be selected in accordance with Section 3 below." Section 3 of the purchase agreement provided that "Buyer shall be allocated either one (1) or two (2) assigned parking spaces as set forth in the Declaration of Condominium for the Arlington Condominium."
The parties later completed the sale of the condominium and recorded a deed. The deed does not specifically reference rights to any parking spaces, but provides that the conveyance of the condominium includes "the undivided percentage ownership interest, as set forth in Declaration, as supplemented and amended, in the common areas and facilities of condominium."
Article II, Section 4 of the Declaration referenced in the deed addresses the assignment of parking spaces. That section provides that Plaintiffs' unit (which is on the sixteenth floor), receives one parking space by default, unlike larger units on the highest floors, which receive two parking spaces by default:
Every Owner of a Residential Unit on the fifth through eighteenth floor ... shall have the use of one (1) assigned parking space as a Limited Common Element as provided in Section 7 of Article VII. Every Owner of a Residential Unit on the nineteenth through twenty-second floor ... shall have the use of two (2) assigned parking spaces as Limited Common Elements as provided in Section 7 of Article VII. All such parking spaces shall be appurtenant to and shall pass with the title to such Unit.
Article VII, Section 7 of the Declaration, which is cross-referenced in Article II, Section 4, provides that the Declarant may sell unit owners additional parking spaces:
Each owner of a residential Unit shall be allocated one (1) or two (2) assigned parking spaces located in the Parking Area as a Limited Common Element, as set forth in Article II, Section 4 hereof. The Declarant reserves the right to sell to Owners of Residential Units additional parking spaces in the Parking area at the sole discretion of the Declarant (the "Purchases Spaces") . Owners of Residential Units may not allow their allocated or Purchased Spaces to be used by any individual who does not reside in a Unit (either as an Owner or as a tenant) or who is not a guest of an Owner. In no event shall any Owner's allocated or Purchased Space(s) be leased to any third party except to a tenant of such Owner's Unit. Each Owner's parking space(s) shall be appurtenant to and pass with the title to the Owner's Unit. The use of such parking spaces shall be subject to all of the term and conditions established from time to time by the Declarant or the Association. The Purchased Spaces may only be sold to Owners of Residential Units and not to third parties. The Purchased Spaces need not pass with the title of the Owner's Unit.
In 2007, Larsen conveyed the condominium unit to himself and Plaintiff Robert Allen as tenants in common. The deed in this new conveyance used the same language as the original deed.
For more than seven years, from at least June 2006 until July 2013, Plaintiffs used two parking spaces without any indication from the Arlington Condominium Owners Association that Plaintiffs were not entitled to those two spaces.
In May 2013, the association discovered that ten condominium units had been assigned two parking spaces although they were located on floors in which unit owners only received rights to one parking space under the terms of the Declaration. The association then sent letters to the owners of these units, including Plaintiffs, informing them that their second parking spaces were assigned in error.
The association knew that, for at least some of these unit owners, including Plaintiffs, their original purchase agreement stated that they were purchasing rights to two parking spots. But the association maintained that Arlington Residential Holdings, the company that entered into those purchase agreements with the unit owners, was not the "Declarant" under the terms of the Declaration. Thus, according to the association, Arlington Residential Holdings had no authority to sell those parking spaces (because the Declaration states that only the Declarant may do so). The association's letter therefore informed Plaintiffs that they could no longer use their second parking space free of charge but could lease that space for $50.00 per month.
On 26 September 2014, Plaintiffs sued both the Arlington Condominium Owners Association and Arlington Residential Holdings. The case went to trial on Plaintiffs' claims for adverse possession under color of title, trespass, and breach of contract. At the close of Plaintiffs' evidence, the association moved for a directed verdict on Plaintiffs' claim for adverse possession under color of title. The trial court denied the motion.
The court submitted all of Plaintiffs' claims to the jury. But the jury verdict sheet instructed the jury that if they returned a verdict in Plaintiffs' favor with respect to the claims for adverse possession under color of title and trespass, they should return their verdict without reaching the breach of contract claim.
On 30 June 2015, the jury returned a verdict in Plaintiffs' favor on the adverse possession under color of title and trespass claims and awarded $1,000 in damages against the Arlington Condominium Owners Association. The trial court entered judgment on the verdict on 23 July 2015. On 3 August 2015, the association moved for judgment notwithstanding the verdict or, in the alternative, to amend the judgment or order a new trial. The trial court denied those post-trials motions, dismissed as moot the association's counterclaim for declaratory judgment, and granted Plaintiffs' motion to quiet title to the disputed parking space. The association timely appealed.
Analysis
I. Claim for Adverse Possession Under Color of Title
The central issue in this appeal can be distilled to this: did Plaintiffs possess their second parking space under color of title? If this Court upholds the judgment on Plaintiffs' claim of adverse possession under color of title, it effectively resolves most of the remaining issues in this appeal. And the sole basis on which the association challenges the adverse possession claim is its contention that Plaintiffs failed to show color of title, thus requiring the trial court to grant their motion for JNOV. As explained below, we reject the association's arguments and find no error.
The standard of review for denial of a motion for JNOV "is the same as that for a directed verdict." Tomika Invs., Inc. v. Macedonia True Vine Pentecostal Holiness Church of God, Inc. , 136 N.C. App. 493, 498-99, 524 S.E.2d 591, 595 (2000). When reviewing the denial of JNOV, this Court examines whether the evidence, taken in the light most favorable to the non-moving party, was sufficient as a matter of law to be submitted to the jury. Davis v. Dennis Lilly Co. , 330 N.C. 314, 322, 411 S.E.2d 133, 138 (1991). The trial court properly denies a JNOV motion where "there is more than a scintilla of evidence supporting each element of the non-movant's claim." Branch v. High Rock Realty, Inc. , 151 N.C. App. 244, 250, 565 S.E.2d 248, 252 (2002). Thus, our analysis begins with the elements of Plaintiffs' claim and whether there was evidence to support those elements.
Plaintiffs claimed that they acquired title to their second parking space through adverse possession under color of title. Ordinarily, to acquire title by adverse possession, the claimant must show actual, open, hostile, exclusive, and continuous possession of the property for twenty years. White v. Farabee , 212 N.C. App. 126, 132, 713 S.E.2d 4, 9 (2011). But when the possession is under "color of title," the prescriptive period is reduced to seven years. Id. It is undisputed on appeal that Plaintiffs presented more than a scintilla of evidence to show actual, open, hostile, exclusive and continuous possession of the parking space for more than seven years. Thus, this issue turns entirely on whether Plaintiffs presented sufficient evidence that their possession of the parking space was "possession under color of title." We thus turn to the legal meaning of that phrase.
"Adverse possession under color of title is occupancy under a writing that purports to pass title to the occupant but which does not actually do so either because the person executing the writing fails to have title or capacity to transfer the title or because of the defective mode of conveyance used." McManus v. Kluttz , 165 N.C. App. 564, 568, 599 S.E.2d 438, 443 (2004). "In order to constitute an effective transfer for purposes of color of title, a transaction must (1) be in writing; (2) purport to pass title; and (3) contain an adequate description of the property transferred." New Covenant Worship Ctr. v. Wright , 166 N.C. App. 96, 105, 601 S.E.2d 245, 252 (2004).
Our State's appellate courts have not yet addressed how this color-of-title jurisprudence applies in a case like this one, where the property in dispute is a common element or limited common element of a condominium.[1] But we see no reason why the existing case law cannot be applied in this context.
Here, Plaintiffs showed the following: a recorded deed to a condominium unit that conveys property rights as described in the accompanying condominium declaration; a provision in the declaration granting unit owners a fixed number of parking spaces (in this case, one space) and permitting the declarant to sell additional parking spaces to unit owners; and a signed contract to sell Plaintiffs an additional parking space under the terms of the declaration, entered into with a party purporting to have the authority to sell that parking space.
Taken together, this evidence shows that Plaintiffs possessed their second parking space under color of title. The transaction is (1) in writing; (2) purports to pass title; and (3) contains an adequate description of the property transferred. See New Covenant Worship Ctr. , 166 N.C. App. at 105, 601 S.E.2d at 252.
The association contends that color of title is lacking because the deed does not purport to convey the parking space, nor does it contain an adequate description of the parking space. But in the context of a conveyance of a condominium unit, some property rights stem from the recorded declaration that created the condominium, not from the deed conveying the individual unit. See N.C. Gen. Stat. § 47C-2-101. Here, the Declaration describes unit owners' rights to parking spaces at the condominium and how those rights are acquired, including the ability to purchase additional spaces from the Declarant and then to sell those parking spaces to other unit owners.
The association also argues that the Declaration does not purport to pass title because it only expressly grants Plaintiffs one parking space, not two. But again, the Declaration authorizes the Declarant to sell additional parking spaces to unit owners, who may then sell those parking spaces to other unit owners, and Plaintiffs presented a signed contract purporting to sell them a second parking space under the terms of the Declaration.
To be sure, the association presented evidence that the seller in that contract, Arlington Residential Holdings, LLC, was not actually the Declarant and thus had no authority to sell that additional parking space. But that is why this case falls squarely within the type of cases that amount to possession under color of title: the sale contract addressing the parking spaces was "a writing that purports to pass title to the occupant but which does not actually do so ... because the person executing the writing fails to have title or capacity to transfer the title." See McManus , 165 N.C. App. at 568, 599 S.E.2d at 443.
Acting on this combination of writings that purported to grant Plaintiffs the right to an additional parking space, Plaintiffs exercised actual, open, hostile, exclusive, and continuous possession of that parking space for more than seven years. Accordingly, we hold that Plaintiffs presented sufficient evidence to support each element of their claim for adverse possession under color of title. This, in turn, means the trial court properly denied the Arlington Condominium Owners Association's motion for JNOV.
II. Claim for Trespass
The association also appeals the denial of JNOV with respect to Plaintiffs' trespass claim. "The elements of trespass to real property are: (1) possession of the property by the plaintiff when the alleged trespass was committed; (2) an unauthorized entry by the defendant; and (3) damage to the plaintiff from the trespass." Broughton v. McClatchy Newspapers, Inc ., 161 N.C. App. 20, 32, 588 S.E.2d 20, 29 (2003).
The association's arguments on this issue all are premised on the notion that Plaintiffs did not acquire title to the disputed parking space by adverse possession under color of title. Because, as explained above, we reject that premise, we likewise reject the association's challenge to denial of its motion for JNOV on this claim.
III. Counterclaim for Declaratory Judgment and Motion to Quiet Title
The association next challenges the trial court's dismissal of its counterclaim seeking a declaration that the conveyance of the second parking space was void and the trial court's grant of Plaintiffs' motion to quiet title to the second parking space. The association acknowledges that both of these issues turn on its argument that Plaintiffs do not own the second parking space. Because we affirm the trial court's judgment on Plaintiffs' claim of adverse possession under color of title, we must reject both of these arguments, as well.
IV. New Trial for Inconsistent Verdict
The association next argues that the trial court should have granted its motion for a new trial because the jury verdict form resulted in an inconsistent verdict. "While an order for new trial pursuant to Rule 59 which satisfies the procedural requirements of the Rule may ordinarily be reversed on appeal only in the event of a manifest abuse of discretion, when the trial court grants or denies a new trial due to some error of law, then its decision is fully reviewable." Piazza v. Kirkbride , --- N.C. App. ----, ----, 785 S.E.2d 695, 698 (2016). "With regard to the argument that the verdict was inconsistent, we review the issue under the abuse of discretion standard." Id. As explained below, we hold that the trial court's decision to use its chosen verdict form did not create an inconsistent verdict and thus was not an abuse of discretion.
On the verdict form, the trial court instructed the jury to first consider Plaintiffs' claims against the association for trespass and adverse possession under color of title. The jury was to continue to Plaintiffs' breach of contract claim against Arlington Residential Holdings only if it found the association not liable on Plaintiffs' claims for trespass and adverse possession under color of title.
The association contends that this instruction resulted in an inconsistent verdict because, "[i]f plaintiffs obtained title to the property by adverse possession under color of title, then it must be true that prior to the adverse possession: (1) plaintiffs did not have a legal right to use the parking space; and (2) therefore, [Arlington Residential Holdings] had not properly transferred the rights to the second space to plaintiff Larsen and was in breach of their contract."
Even if the association were correct, that would not mean the verdict is inconsistent. After all, the jury did not find Arlington Residential Holdings not liable on the breach of contract claim; instead, the jury never reached that issue. Moreover, the fact that the jury concluded Plaintiffs acquired title to the parking space by adverse possession does not mean the jury necessarily would have found Arlington Residential Holdings breached the contract. The company asserted a statute of limitations defense to the breach of contract claim, and the jury could have accepted that argument. Thus, there was no risk of inconsistent verdicts, and no possible prejudice to the association from the trial court's decision to instruct the jury not to reach the contract claim against Arlington Residential Holdings. Accordingly, we cannot say that the trial court erred in its instructions on this issue.
V. Jury Instruction on Adverse Possession
Finally, the association argues that it is entitled to a new trial because the trial court refused to give its requested instruction on adverse possession. "The decision whether to give jury instructions is within the trial court's sound discretion." Osetek v. Jeremiah , 174 N.C. App. 438, 440, 621 S.E.2d 202, 204 (2005), aff'd per curiam , 360 N.C. 471, 628 S.E.2d 760 (2006). Ordinarily, to show that the trial court abused its discretion by rejecting a proposed instruction, a litigant "must demonstrate that (1) the requested instruction was a correct statement of law and (2) was supported by the evidence, and that (3) the instruction given, considered in its entirety, failed to encompass the substance of the law requested and (4) such failure likely misled the jury." Liborio v. King , 150 N.C. App. 531, 534, 564 S.E.2d 272, 274 (2002).
Here, the association requested an instruction that the deed for Plaintiffs' condominium unit "does not contain an adequate description of the parking space." The trial court instead used the pattern jury instruction for adverse possession under color of title. The trial court's decision was not an abuse of discretion. The association's proposed instruction may have confused the jury because, as explained above, the deed in conjunction with the accompanying declaration adequately described the parking space and, in the color of title analysis, the jury properly should consider both the deed and the accompanying declaration. Accordingly, we find no error in the trial court's decision to use the pattern instruction. See id.
Conclusion
For the reasons discussed above, we find no error in the trial court's judgment.
NO ERROR.
Report per Rule 30(e).
Judges ELMORE and STEPHENS concur.

Although not addressed by the parties in their briefs, it also is unclear how the applicable provisions of the Declaration interact with the requirements of the North Carolina Condominium Act. Under the Declaration, the one or two parking spaces automatically assigned to each unit under the Declaration (depending on the floor on which the unit is located) are "limited common elements." See N.C. Gen. Stat. § 47C-1-103(16). The remaining parking spaces are ordinary common elements of the condominium. Plaintiffs seem to assume that an additional parking space sold by the Declarant to a unit owner under Article VII, Section 7 of the Declaration also would be a limited common element. This interpretation is consistent with the language of the Declaration, which states that these additional parking spaces can pass with title to the owner's unit, and can be sold by one unit owner to another without requiring consent of the condominium owner's association. But the Act suggests that changing a parking space from a common element to a limited common element-which would occur when one of these additional parking spaces is sold by the Declarant to a unit owner-would require a recorded amendment to the Declaration, not simply a contract for sale. See id. § 47C-2-108. Neither party has suggested that additional parking spaces could be conveyed only through amendment to the Declaration.