CATHY C. BASS AND RANDALL BASS, PLAINTIFFS v. LARRY BERNARD JOHNSON, DEFENDANT

No. COA01-199

(Filed 5 March 2002)

**1. Motor Vehicles— automobile accident—proximate cause— direct verdict denied**

The trial court did not err by denying defendant's motion for a directed verdict in a negligence action arising from a left turn made across two southbound lanes of rush-hour traffic in the rain where plaintiff had stopped to wait for backed-up traffic to clear; a driver in one southbound lane stopped and waved plaintiff out; another driver noticed defendant approaching in the second lane and waved his arm to warn defendant; and defendant was not using his headlights and was going between 40 and 50 miles an hour in a 25 mph zone. There was sufficient evidence from which the jury could have found that plaintiff was not negligent and that defendant's negligence was the proximate cause of plaintiff's injuries.

BASS v. JOHNSON

[149 N.C. App. 152 (2002)]

## 2. Pleadings— motion to amend to conform to evidence—no implied consent

The trial court did not abuse its discretion by denying plaintiffs' motion to amend the pleadings to conform to the evidence where plaintiffs did not seek to amend their pleadings to include a claim of gross negligence until after all of the evidence had been presented, defendant was not given notice or opportunity to prepare a defense to a gross negligence claim, and defendant did not impliedly consent to trying the issue of gross negligence.

## 3. Motor Vehicles— automobile crash—last clear chance

The trial court did not err by refusing to charge the jury on last clear chance in an automobile accident case where another driver waived his arm to try to warn defendant, but defendant's interrogatories indicated that he did not see plaintiff in time to stop. Defendant's interrogatory answers and the arm waving of another driver were not sufficient to support a reasonable inference that defendant had the time and means to avoid hitting plaintiff.

## 4. Motor Vehicles— automobile crash—last clear chance—instructions

The trial court did not err by adding to the Pattern Jury Instruction on last clear chance in an action arising from an automobile accident where the court instructed the jury to determine whether plaintiff could see what ought to be seen and whether she had crossed into a lane of travel in which she could not see oncoming traffic. The added language applied the evidence to the pattern instruction, did not constitute a statement of opinion, and was not likely to mislead the jury.

## 5. Trials— exhibits—submission to jury

The trial court did not err in a negligence action in its submission of interrogatory answers to the jury where plaintiffs did not object and waived on appeal the issue of limiting publication to reading. Moreover, defendant consented to submitting only those three interrogatories; trial exhibits can be submitted to the jury during deliberations only if both parties consent.

Appeal by plaintiffs from judgment entered 9 October 2000 by Judge Henry V. Barnette, Jr., in Durham County Superior Court. Heard in the Court of Appeals 7 January 2002.

*Roberti, Wittenberg, Lauffer & Wicker, P.A., by R. David Wicker, Jr., for plaintiff-appellants.*

*Law Office of Robert E. Ruegger, by Robert E. Ruegger, for defendant-appellee.*

EAGLES, Chief Judge.

This appeal arises out of a motor vehicle crash that occurred on 11 September 1996, on Roxboro Road in Durham, North Carolina. Roxboro Road is a north/south corridor with two northbound and two southbound lanes. At the time of the collision, it was rush hour, traffic was heavy, and it was raining.

Plaintiff Cathy Bass (Mrs. Bass) stopped at The Pampered Pooch, a dog grooming business. The Pampered Pooch was located on the southbound side of Roxboro Road. After picking up her dog, Mrs. Bass attempted to make a left turn from The Pampered Pooch onto northbound Roxboro Road. In front of the parking lot entrance to The Pampered Pooch, in the right lane of the southbound side of Roxboro Road, traffic was at a standstill. Someone in that lane allowed Mrs. Bass a space so she could proceed through the line of stopped traffic. After crossing the exterior southbound lane, as plaintiff entered the interior southbound lane, defendant Larry Johnson's southbound vehicle struck Mrs. Bass' vehicle.

Defendant admitted he was traveling 40 miles per hour just before the accident. The posted speed limit at the location of the crash was 25 miles per hour. Plaintiffs' witness Bob Ritscher testified that he was stopped in his car in the exterior southbound lane several cars back from where the crash occurred. At trial, Mr. Ritscher testified that: (1) just before the crash he saw Mrs. Bass' vehicle as she was entering Roxboro Road; (2) from his rear-view mirror, Mr. Ritscher saw defendant approaching from behind; (3) defendant's headlights were not on; (4) Mr. Ritscher stuck his arm out of the driver's window of his car and waved in an attempt to warn defendant of impending danger; and (5) despite the attempted warning, defendant did not slow down and the crash ensued. Mr. Ritscher also testified that he estimated defendant was traveling 50 miles per hour.

Mrs. Bass' injuries from the crash were quite severe. She suffered a broken pelvis, ruptured bladder, broken ribs, and a head injury that resulted in seizures. Her medical expenses totaled $36,426.90.

At trial at the close of the evidence, plaintiffs moved to amend the pleadings to conform to the evidence and allow plaintiffs to plead defendant's gross negligence as a bar to the alleged contributory negligence of Mrs. Bass. The trial court denied plaintiffs' motion.

At the charge conference, plaintiffs requested jury instructions on last clear chance and gross negligence. The trial court denied plaintiffs' request. The trial court indicated that on the issue of contributory negligence it would provide the jury with North Carolina Civil Pattern Jury Instruction 203.29, Entering a Highway from a Road or Drive. During the jury charge on contributory negligence, the trial court added language not contained in the pattern jury instruction. The trial court overruled plaintiffs' objection.

On 12 September 2000, the jury returned a verdict finding that Mrs. Bass was injured by the negligence of defendant and that Mrs. Bass, by her own negligence, contributed to her injuries. On 9 October 2000, the trial court entered judgment reflecting the jury's verdict. Plaintiffs appeal.

On appeal, plaintiffs raise the following issues: (1) whether the trial court erred by denying plaintiffs' motion to amend the pleadings and plaintiffs' request for an instruction on gross negligence; (2) whether the trial court erred by refusing to charge the jury on the issue of last clear chance; (3) whether the trial court erred by adding language to the North Carolina Civil Pattern Jury Instruction 203.29 on contributory negligence; and (4) whether the trial court erred by submitting to the jury only a part of plaintiffs' Exhibit 26. On cross-appeal, defendant raises the following issue: whether the trial court erred by denying defendant's motion for directed verdict at the close of plaintiffs' evidence.

I.

[1] On cross-appeal, defendant contends that the trial court erred by denying defendant's motion for directed verdict. Defendant argues that plaintiffs' evidence established that Mrs. Bass was contributorily negligent as a matter of law.

When considering a motion for directed verdict, the trial court must consider all the evidence in the light most favorable to the nonmoving party and the nonmoving party is to receive the benefit of every reasonable inference that can be drawn from the evidence. *Southern Ry. Co. v. O'Boyle Tank Lines, Inc.*, 70 N.C. App. 1, 4, 318 S.E.2d 872, 875 (1984). When the evidence adduced at trial estab-

lishes contributory negligence so clearly that no other conclusion may be reasonably drawn therefrom, then a directed verdict is not only appropriate, it is mandated. *U.S. Industries, Inc. v. Tharpe*, 47 N.C. App. 754, 760-61, 268 S.E.2d 824, 829 (1980). Where more than one conclusion can reasonably be drawn, determination of the issue is properly left for the jury. *Manness v. Fowler-Jones Const. Co.*, 10 N.C. App. 592, 598, 179 S.E.2d 816, 819 (1971). We review the denial of defendant's motion for directed verdict to determine whether there is substantial evidence that defendant's negligence was the proximate cause of Mrs. Bass' injuries. *Pruitt v. Powers*, 128 N.C. App. 585, 590, 495 S.E.2d 743, 746 (1998).

At trial, the evidence, when viewed in the light most favorable to plaintiffs, established that as Mrs. Bass was leaving The Pampered Pooch on Roxboro Road, she came to a stop to wait for traffic to clear. When traffic backed up, a driver stopped and waved Mrs. Bass out so that she could make her left turn. As Mrs. Bass started making her turn, Mr. Ritscher observed defendant approaching. Mr. Ritscher waved out of his car's window to warn defendant of the impending peril. Defendant's vehicle then collided with Mrs. Bass' vehicle. At the time of the crash it was raining, traffic was heavy, and it was rush hour. Defendant was not burning his headlights. The speed limit at the location of the crash was 25 miles per hour. Defendant was traveling between 40 and 50 miles per hour immediately before the collision occurred.

Viewing the evidence in the light most favorable to plaintiffs, the trial court was reasonable to conclude that there was sufficient evidence from which the jury could have found that Mrs. Bass was not negligent and that defendant was the proximate cause of Mrs. Bass' injuries. Accordingly, we hold that the trial court did not err by denying defendant's motion for directed verdict.

II.

[2] As plaintiffs' first assignment of error, plaintiffs contend that the trial court erred by denying plaintiffs' motion to amend the pleadings to conform to the evidence and by denying plaintiffs' request for a jury instruction on gross negligence. At the close of all of the evidence, plaintiffs, pursuant to Rule 15(b), moved to amend the pleadings to include a claim that defendant's actions constituted gross negligence. Here, plaintiffs argue that during the trial the evidence established that defendant's actions amounted to gross negligence. Plaintiffs point specifically to the testimony showing that defendant

was driving in heavy traffic, on a rainy afternoon, without burning his headlights, at a speed of 40 to 50 miles per hour in a 25 mile per hour zone.

A trial court's ruling on a motion to amend pleadings may be reversed on appeal only upon a showing of abuse of discretion. *Delta Env. Consultants of N.C., Inc. v. Wysong & Miles Co.*, 132 N.C. App. 160, 165, 510 S.E.2d 690, 694 (1999). "[P]roper reasons for denying a motion to amend include undue delay by the moving party and unfair prejudice to the nonmoving party." *Id.* at 166, 510 S.E.2d at 694. Rule 15(b) of the North Carolina Rules of Civil Procedure states in part:

> When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment, but failure so to amend does not affect the result of the trial of these issues.

In ruling on plaintiffs' motion to amend, Judge Barnette stated:

> Well, the underlying reason for that is there's some sort of tacit consent that the evidence is—well, that [gross negligence] is an issue in the case. I think [defendant's] position would be that [it] is not an issue in the case . . . . [A]s far as allowing an amendment—I mean, that has not come up. That did not come up until you said it awhile ago . . . . [Defendant] doesn't have to defend something unless he knows or has reason to know that that issue is going to be tried . . . . [Defendant] has to consent, in effect, to that issue being tried . . . . Now if you had moved to amend before the trial at some earlier stage, then that's a different thing. Motion denied as to that.

From the record, it is clear that plaintiffs did not seek to amend their pleadings to include a claim of gross negligence until after all of the evidence of the case had been presented. Defendant was not given notice or opportunity to prepare a defense to a gross negligence claim, nor did defendant impliedly consent to trying the issue of gross negligence. Accordingly, we hold that the trial court did not abuse its discretion by denying plaintiffs' motion to amend.

### III.

**[3]** Plaintiffs next contend that the trial court erred by refusing to instruct the jury on the issue of last clear chance.

The issue of last clear chance must be submitted to the jury if the evidence, viewed in the light most favorable to the plaintiff, will support a reasonable inference of each essential element of the doctrine. *Nealy v. Green*, 139 N.C. App. 500, 504, 534 S.E.2d 240, 243 (2000). Failure to submit the issue of last clear chance, when proper, is reversible error that mandates a new trial. *Id.* In *Exum v. Boyles*, 272 N.C. 567, 576, 158 S.E.2d 845, 853 (1968), our Supreme Court addressed a plaintiff's entitlement to an instruction on last clear chance and wrote:

> [T]o bring into play the doctrine of last clear chance, there must be proof that after the plaintiff had, by his own negligence, gotten into a position of helpless peril . . . the defendant discovered the plaintiff's helpless peril . . . or, being under a duty to do so, should have, and, thereafter, the defendant, having the means and time to avoid the injury, negligently failed to do so.

Here, after presentation of all the evidence, plaintiffs requested that the issue of last clear chance be submitted to the jury. In support of the request, plaintiffs argued to the trial court that Mr. Ritscher's act of waving his arm in an attempt to alert defendant to impending peril coupled with defendant's answer to plaintiffs' interrogatory number 16 supported the instruction. Interrogatory 16 asked defendant to "[p]lease state in your own words . . . how you believe the accident occurred." In response to interrogatory 16, defendant answered: "There was this guy with a truck in the lane to the right of me that stopped to let Mrs. Bass out of the parking lot. While she proceeded to pull out of the parking lot, she came across my lane of travel right in front of me."

In deciding whether to instruct the jury on last clear chance, the trial court also considered defendant's answers to interrogatories 17 and 18. In response to interrogatory 17, defendant replied: "The only thing I saw was Mrs. Bass pulling out in front of me with no time to react on my part." Defendant's answer to interrogatory 18 stated in part: "I couldn't see what was happening until it was too late. From the time I saw her car, all I could do was hit the brakes, but she was too close in my lane of travel."

After careful review of the record, we agree with the trial court and conclude that plaintiffs failed to produce sufficient evidence requiring an instruction on last clear chance. Defendant's answers to plaintiffs' interrogatories and Mr. Ritscher's act of waving his arm fail to provide sufficient evidence to support a reasonable inference that defendant had both the time and means to avoid hitting Mrs. Bass. Accordingly, we hold that the trial court did not err by refusing to charge the jury on the issue of last clear chance.

IV.

[4] As the third assignment of error, plaintiffs contend that the trial court erred in its instruction to the jury on the issue of contributory negligence by adding language that is not contained in North Carolina Civil Pattern Jury Instruction 203.29. In charging the jury on the issue of contributory negligence, the trial court used North Carolina Civil Pattern Jury Instruction 203.29 and charged:

> The motor vehicle law of the State of North Carolina provides that the operator of a vehicle about to enter or to cross a public street or highway from a private road or a private driveway shall yield the right-of-way to all vehicles approaching on the highway or street to be responsible.

> In order to comply with this law, the operator of the vehicle is required to look for vehicles approaching on the highway, to see what ought to be seen, and to delay entry into the highway or street until all reasonable care has been first exercised to see that such entry can be made in safety.

In addition to Civil Pattern Instruction 203.29, the trial court added:

> Now, this does not mean that you may cross into a lane of travel which is blinding your view. In other words, both vehicles approaching and to see what ought to be seen means that you must not enter or cross a lane of travel unless you can see traffic that may be approaching in that lane. A violation of this law is negligence within itself.

Plaintiffs argue that the additional language added by the trial court to the pattern instruction constituted a breach of the trial court's duty of impartiality and a conveyance of opinion by the trial judge on an issue of fact to be submitted to the jury.

During the trial of a matter, "[t]he law imposes on the trial judge the duty of absolute impartiality." *Belk v. Schweizer*, 268 N.C. 50, 54,

149 S.E.2d 565, 568 (1966). The expression of an opinion by the trial court on an issue of fact to be submitted to a jury is legal error. *Id.* at 54, 149 S.E.2d at 568-69. "When charging the jury in a civil case, it is the duty of the trial court to explain the law and to apply it to the evidence" on the issues of the case. N.C.G.S. § 1A-1, Rule 51(a) (1999); *Adams v. Mills*, 312 N.C. 181, 186, 322 S.E.2d 164, 168 (1984).

On appeal, this Court considers a jury charge contextually and in its entirety. *Jones v. Satterfield Development Co.*, 16 N.C. App. 80, 86, 191 S.E.2d 435, 439 (1972). The charge will be held to be sufficient if "it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed . . . ." *Id.* at 86-87, 191 S.E.2d at 440. The party asserting error bears the burden of showing that the jury was misled or that the verdict was affected by an omitted instruction. *Robinson v. Seaboard System R.R., Inc.*, 87 N.C. App. 512, 524, 361 S.E.2d 909, 917 (1987). "Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury." *Id.*

After careful review of the jury instructions, we conclude that plaintiffs have failed to demonstrate that the trial court's charge was likely to mislead the jury. The trial court's instruction did not constitute a statement of opinion. The language added by Judge Barnette applied the evidence to the Pattern Jury Instruction on contributory negligence. Under the instruction given by the trial court, the jury was instructed to determine whether Mrs. Bass could "see what ought to be seen" and whether Mrs. Bass crossed into a lane of travel in which she could not see oncoming traffic. In light of the entire charge and the evidence of the case, we hold that the trial court did not err in its charge to the jury on contributory negligence. Plaintiffs' assignment of error fails.

V.

[5] In their final assignment of error, plaintiffs contend that the trial court erred by submitting to the jury only a part of plaintiffs' Exhibit 26 despite the fact that the entire exhibit was admitted into evidence. During trial, plaintiffs offered, as Exhibit 26, defendant's answers to plaintiffs' first set of interrogatories. After the trial court received Exhibit 26 into evidence, plaintiffs' counsel indicated that he wanted to publish the interrogatories to the jury. The following exchange occurred:

**BASS v. JOHNSON**

[149 N.C. App. 152 (2002)]

THE COURT: You wish to publish those at this time? I would suggest that the way to publish those would be to read them. Read the questions and read the answers. Did you wish to offer them all or just—

PLAINTIFFS' COUNSEL: Your Honor, I wish to offer three of the interrogatories.

THE COURT: Okay. Read the questions and then the defendant's answers to them.

Plaintiffs' counsel then read the questions and defendant's answers to plaintiffs' interrogatories 16, 17, and 18. After reading the questions and answers, plaintiffs rested.

Plaintiffs first contend that the trial court erred by limiting plaintiffs to reading questions and answers to only interrogatories 16, 17, and 18. Plaintiffs argue that once an exhibit is admitted, the jury is permitted to review the exhibit, either in the jury room with consent of the parties or in open court in the presence of the parties and the court. *See Nelson v. Patrick*, 73 N.C. App. 1, 13-14, 326 S.E.2d 45, 53 (1985).

Here, plaintiffs' counsel failed to object to the trial court's decision limiting publication of the interrogatories to publication by reading. When told by the trial judge that he could read to the jury all or part of the interrogatories of Exhibit 26, plaintiffs' counsel chose to read only questions and answers of interrogatories 16, 17, and 18. Accordingly, plaintiffs waived their right to appeal the trial court's limitation on the publication of interrogatories 16, 17, and 18 to publication by reading.

Plaintiffs also argue that the jury should have been permitted to take with them to the jury room, during deliberation, all of the interrogatories contained in Exhibit 26. During the course of jury deliberation, the jury asked to review only questions and answers of interrogatories 16, 17, and 18. The trial court submitted only the three requested interrogatories to the jury.

In determining whether to submit these interrogatories, the following exchange between the trial court and plaintiffs' and defense counsel occurred:

THE COURT: Another thing they asked for were the three interrogatories and their answers.

DEFENDANT'S COUNSEL: That's fine.

THE COURT: Might as well let them have it all, unless they're going to be—

PLAINTIFFS' COUNSEL: I think it's No. 26.

THE COURT: I might have that. I'm looking to see. Yeah, I do have that.

DEFENDANT'S COUNSEL: Did all of them get admitted, or was it just the three?

THE CLERK: I have 26—defendant's answer to interrogatories.

THE COURT: They want three. They wanted three, but unless we tear it out of there—

DEFENDANT'S COUNSEL: I don't have any problem with just taking that one page out of there.

THE COURT: Are all three of them on one page? I think they are.

PLAINTIFFS' COUNSEL: All on one page, but the request from the plaintiff was to move to admit them all.

THE COURT: Yes. But they asked for the three interrogatories published, is what they asked for.

DEFENDANT'S COUNSEL: My understanding about the law is, it can only go back if everybody agrees and consents.

THE COURT: That's true.

DEFENDANT'S COUNSEL: I consent to the three going back, 16, 18—

THE COURT: Okay. Take that page out and send that back, then. That's what they asked for. I'm going to let them deliberate for a while.

It is well established that trial exhibits introduced into evidence can only be submitted to the jury room during deliberations if *both* parties consent. *Nunnery v. Baucom*, 135 N.C. App. 556, 559, 521 S.E.2d 479, 482 (1999) (emphasis added). After review of the record, we find that defendant consented only to submitting to the jury during deliberation interrogatories 16, 17, and 18. Pursuant to *Nunnery*, we hold that the trial court did not err by submitting only those interrogatories mutually agreed upon by the parties.

For these reasons, this assignment of error fails.

No error.

Judges McCULLOUGH and CAMPBELL concur.