**DEPARTMENT OF TRANSP. v. MARSTON BAPTIST CHURCH, INC.**

[196 N.C. App. 756 2009)]

DEPARTMENT OF TRANSPORTATION, Plaintiff v. MARSTON BAPTIST CHURCH, INC., Defendant

No. COA08-856

(Filed 5 May 2009)

## 1. Eminent Domain— taking of church building—replacement cost

The trial court did not err in an eminent domain case involving a church building by allowing testimony about the cost of a replacement church. N.C.G.S. § 136-112 speaks to the exclusive measure of damages to be used by commissioners, jury, or judge, and does not apply to real estate appraisers. Both parties presented evidence of the replacement cost, and that testimony was proper and directly relevant to the determination of the property's fair market value immediately before and after the taking.

## 2. Eminent Domain— instructions—isolated reference to peculiar value

Taking the court's instruction in an eminent domain case in its entirety, an isolated statement about the "value peculiar to the church" was not misleading and did not warrant invalidation of the award in light of the repeated use of the proper calculation of damages.

Appeal by plaintiff from judgment entered 6 February 2008 by Judge Michael E. Beale in Superior Court, Richmond County. Heard in the Court of Appeals 23 February 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Martin T. McCracken, for plaintiff-appellant.*

*Cranfill, Sumner, & Hartzog, LLP, by George B. Autry, Jr., Stephanie Hutchins Autry, and Brady W. Wells, for defendant-appellee.*

WYNN, Judge.

In this appeal from a $540,000 just compensation award for the eminent domain taking of a church building, the North Carolina Department of Transportation contends that the trial court erred by considering evidence of the estimated cost of a new church. Because expert real estate appraisers are not restricted to any particular

method of determining the fair market value of property,[1] we affirm the trial court's decision to allow testimony on the cost of a replacement church building.

This matter concerns property owned by Marston Baptist Church Inc. in the Township of Beaver Dam, Richmond County, North Carolina. In September 2005, the Department of Transportation brought an action to obtain a portion of the land owned by Marston Baptist Church as part of a plan to widen and improve U.S. Highway 1. The plan required the removal of the church's sanctuary, located in the area designated for the right of way. To prevent the interruption of church services, Marston Baptist Church began constructing a new church on the same parcel of land (but not in the area to be taken) before the removal of the existing structure.

At trial, the parties agreed that the Department of Transportation must provide just compensation for the taking of the property but disagreed as to the appropriate amount of compensation. After hearing the evidence, a jury awarded Marston Baptist Church $540,000 in total just compensation. From that award, the Department of Transportation appeals, arguing that the trial court erred by (I) admitting evidence of the cost of reproduction for a new church and (II) making statements to the jury inconsistent with the formula for calculating damages set out in N.C. Gen. Stat. § 136-112 (2007).

I.

[1] The Department of Transportation first argues that it is entitled to a new trial because the trial court erred by allowing testimony on the cost of a replacement church, which was irrelevant to the fair market value of the property and did not assist the jury in its calculation of damages. We disagree.

To be granted a new trial based on improperly admitted evidence, an appellant must establish that "the evidence was inadmissible in law because it was incompetent, immaterial, or irrelevant" and prejudicial to the appellant. *Vandervoort v. McKenzie*, 117 N.C. App. 152, 163, 450 S.E.2d 491, 497 (1994) (citation omitted). Here, both parties presented evidence of the cost of reproduction of a new church building.

Marston Baptist Church offered the testimony of Jacob Kanoy, Brian Clodfelter, and Claude Smith. Mr. Kanoy, an architect and real

---

1. *Board of Transportation v. Jones*, 297 N.C. 436, 438, 255 S.E.2d 185, 187 (1979).

estate broker retained to design the replacement church building, testified that any replacement building would not be exactly the same as existing structure due to new building requirements. However, he estimated that the cost of a replacement building was between $486,000 and $583,000. The variation in cost would depend largely on grading, paving, utility extensions, and various additional fixtures. Mr. Clodfelter appeared as an expert witness in residential and commercial construction, opining that it would cost approximately $542,212 to build a replacement 4500 square foot church. Mr. Smith, qualified as an expert in real estate development and construction costs, estimated the fair market value of the entire tract before the taking, including depreciation, was $600,000, and the fair market value of the property immediately after the taking was $30,000—a difference of $570,000.

The Department of Transportation offered the testimony of two real estate appraisers, Elizabeth Hamuka and Michael Avent, who testified to the reproduction cost of the church using the cost approach method. Both relied on Marshall & Swift, a national cost service, to determine the fair market value of the land immediately before and after the taking based on the reproduction cost of the church and site improvements less depreciation. They determined the difference between the fair market value of the property before and after the taking to be $172,300 and $221,150 respectively.

N.C. Gen. Stat. § 136-112 states that a jury shall apply the following measure of damages: "the difference between the fair market value of the entire tract immediately prior to said taking and the fair market value of the remainder immediately after said taking, with consideration being given to any special or general benefits resulting from the utilization of the part taken for highway purposes." In *Board of Transportation v. Jones,* our Supreme Court noted that section 136-112 "speaks only to the exclusive measure of damages to be employed by the 'commissioners, jury or judge' " and does not apply to real estate appraisers. *Jones,* 297 N.C. at 438, 255 S.E.2d at 187; *see also Power Co. v. Ham House, Inc.,* 43 N.C. App. 308, 312, 258 S.E.2d 815, 819 (1979) (noting that expert real estate appraisers "should be given latitude in determining the value of property"). Thus, the Court held that expert real estate appraisers are not restricted to any particular method of determining the fair market value of property, either before or after condemnation. *Id.* at 438, 255 S.E.2d at 187.

Additionally, in *Redevelopment Comm. v. Panel Co.,* 273 N.C. 368, 370, 159 S.E.2d 861, 863 (1968), our Supreme Court outlined "the

three standard approaches" for determining the fair market value of real property in takings cases: the cost approach, the income approach, and the market comparison approach. The Court explicitly stated, "[T]he cost approach involves a determination of the fair market value of the (vacant) land, the cost of reproduction of the buildings or replacement thereof by new buildings of modern design and materials less depreciation[.]" *Id.* at 370-71, 159 S.E.2d at 863.

In light of our existing statutory and case law, we hold that the trial court properly allowed testimony on the cost of reproduction for a replacement church building. Indeed, both parties presented such evidence in this case. In our view, such testimony was proper and directly relevant to the determination of the property's fair market value immediately before and after the taking. Accordingly, we reject this assignment of error.

II.

[2] The Department of Transportation next argues that the trial court's statements to the jury were inconsistent with the formula for calculating damages set out in N.C. Gen. Stat. § 136-112. The Department of Transportation further contends that the statements were misleading, causing the jury to rely on factors other than the fair market value of the property immediately before and after the taking in awarding damages. We disagree.

We review a jury charge by considering it contextually and in its entirety. A jury instruction is sufficient "if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed." *Bass v. Johnson*, 149 N.C. App. 152, 160, 560 S.E.2d 841, 847 (2002) (internal quotation marks and citation omitted). Further, " '[t]he appealing party must show not only that error occurred in the jury instructions but also that such error was likely, *in light of the entire charge,* to mislead the jury.' " *Arndt v. First Union Nat'l Bank*, 170 N.C. App. 518, 525, 613 S.E.2d 274, 279 (2005) (quoting *Estate of Hendrickson v. Genesis Health Venture, Inc.*, 151 N.C. App. 139, 151, 565 S.E.2d 254, 262 (2002)) (emphasis added).

Here, the trial court's instructions to the jury included the following statement:

Consideration may be given not only to the value peculiar to the church, but also to the cost to cure, to wit, the replacement cost

**DEPARTMENT OF TRANSP. v. MARSTON BAPTIST CHURCH, INC.**

[196 N.C. App. 756 2009)]

of the church minus any depreciation, deterioration or other relevant facts you find from the evidence in determining the fair market value of the property and what amount of just compensation to award.

The Department of Transportation argues that this statement misled the jury to base its verdict on the "peculiar" value of the property rather than the difference between the fair market value of the property immediately before and after the taking. Although the language "the value peculiar to the church" would likely be problematic in isolation, we find the jury instructions, when viewed contextually and in their entirety, to be without error.

Here, the trial court instructed the jury on the correct statutory calculation for damages under N.C. Gen. Stat. § 136-112. At three different points during the instruction, the trial court stated to the jury that "[t]he measure of just compensation, where part of a tract is taken, is the difference between the fair market value of the entire tract immediately before the taking and the fair market value of the remainder of the tract immediately after the taking." Further, the trial court also instructed the jury that it was not required to accept the amount of damages presented by any of the experts or parties involved. Taken in its entirety and in light of the trial court's repeated use of the proper calculation of damages throughout its instructions, we hold that the isolated statement of "value peculiar to the church" was likely not misleading, and does not warrant this Court's invalidation of the jury award to Marston Baptist Church.

No error.

Chief Judge MARTIN and Judge ERVIN concur.