IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1089

Filed 19 November 2025

New Hanover County, Nos. 23CR224178-640, 23CR224179-640

STATE OF NORTH CAROLINA

       v.

MICHAEL VAUGHN

Appeal by Defendant from judgments entered 19 April 2024 by Judge Bob R. Cherry following jury verdicts in New Hanover County Superior Court. Heard in the Court of Appeals 13 August 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Allison C. Hawkins, for the State.*
>
> *Center for Death Penalty Litigation, by Ryan Christopher Kuchinski, for the Defendant.*

WOOD, Judge.

Michael Vaughn ("Defendant") appeals from judgments following jury verdicts finding him guilty of providing false information to a firearms dealer and attempted possession of a firearm by a convicted felon. On appeal, Defendant raises three issues: (1) the trial court erred when it denied Defendant's Motion to Dismiss both the providing false information charge and attempted possession charge at the close of the State's evidence and again at the close of all evidence; (2) the trial court

prejudicially erred when it failed to instruct the jury it was required to find Defendant intended to possess a firearm as a felon and committed an overt act toward such possession as the elements of attempt; and (3) North Carolina's statute banning felons from possessing firearms is unconstitutional. After careful review of the record, we conclude the trial court erred by failing to instruct the jury on the elements of attempt and, when paired with the State's erroneous statements of the law during closing arguments, it constituted prejudicial error.

## I.    Factual and Procedural Background

In 2002, Defendant pleaded guilty to possession of cocaine, resulting in a felony conviction. On 28 November 2022, Defendant decided to pawn a watch because he was low on money for bills and gas. While at the pawn shop Defendant began talking to the clerk about obtaining a weapon for self-defense. Defendant decided to put a shotgun on layaway. He made an initial payment toward the purchase price of the shotgun but could not complete the necessary forms because his identification did not match his current address.

In January 2023, Defendant returned to the pawn shop to pay off the balance remaining on the shotgun, at which time he was asked to complete a federal firearms transaction record ("ATF form 4473"). One of the questions on the ATF form 4473 is, "Have you ever been convicted in any court, including a military court, of a felony or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence, including probation?" Defendant

indicated "no" despite his 2002 felony conviction. As a result, Defendant's application to purchase the firearm was denied. The clerk informed Defendant of the denial but could not explain why when asked.

Two days after Defendant attempted to purchase the shotgun, Detective Troy Herman ("Detective Herman") from the Wilmington Police Department received notification of the failed attempted purchase, including the information Defendant provided on the ATF form 4473. The detective verified the information on the application, which was accurate apart from the response concerning the previous felony conviction. He also obtained copies of the security videos from the shop and on 31 January 2023 took out arrest warrants on Defendant for possession of a firearm by a felon and providing false information to a firearms dealer.

On 5 March 2023, the Burgaw police surrounded Defendant's home with guns drawn. Defendant came to the door very confused. The police read him the charges regarding the possession of a firearm and he responded, "I've never had a gun." The Burgaw officer informed him the charges were from New Hanover County. Defendant was confused and thought the situation was "so crazy" but complied with the officers.

On 17 April 2024, Defendant's case came on for trial. Defendant testified in his own defense. He testified that in 2013 he attended an expunction clinic held at a library and met with an attorney to have his conviction expunged in order to improve his job prospects. Defendant testified that he gave the attorney the details about his

2002 conviction, and the attorney stated he had all he needed to complete the expunction paperwork and Defendant did not need to come back. Afterwards, Defendant believed his conviction had been expunged, as he went on to hold jobs that required background checks including one at the United States military base at Camp Lejeune. He had "no problem" passing the background check and being allowed on and off base.

At the close of State's evidence Defendant moved to dismiss his charges for insufficient evidence. The trial court denied the motion. At the charge conference the parties engaged in extended discussion with the trial court about specific instructions, including the necessity for an instruction on attempt. The trial court noted "[t]hey're getting the intent in there" and asked if there was a certain intent instruction the parties desired. Defendant requested that the instruction that possession is a general intent crime while attempt is a specific intent crime be given. Defendant renewed his motion to dismiss at the close of all evidence. Following the trial court's instructions to the jury, the defense stated "I realize that you probably should have given them an attempt instruction. So [I] know it wasn't done at that time, but I'm just realizing it now." The trial court heard from the State who responded, "intent's defined and basically saying he intended to - - for the intent" and left it to the trial court's discretion. The trial court denied Defendant's request for additional instructions on attempt but noted Defendant's objection saying it would

only be addressed if "the jurors come back and ask for some more specific instruction on attempt itself."

The jury acquitted Defendant on the possession of a firearm by a felon charge and convicted him on attempted possession of a firearm by a felon and providing materially false information charges. The trial court sentenced Defendant to a prison term of 8 to 19 months on the attempted possession charge and suspended his sentence for providing false information. Defendant gave oral notice of appeal in open court.

## II.    Analysis

Defendant raises three issues on appeal: (1) the trial court erred when it denied Defendant's Motion to Dismiss both the providing false information charge and attempted possession charge at the close of the State's evidence and again at the close of all evidence; (2) the trial court prejudicially erred when it failed to instruct the jury it was required to find Defendant intended to possess a firearm as a felon and committed an overt act toward such possession as the elements of attempt; and (3) North Carolina's statute banning felons from possessing firearms is unconstitutional.

### A. Motions to Dismiss

Defendant contends the State did not provide sufficient evidence to establish the necessary elements to enable the jury to find the defendant guilty of either providing false information to a firearms dealer or attempted possession of a firearm. We disagree.

When analyzing a motion to dismiss, "[t]his Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003). "When we consider a defendant's motion to dismiss, the question is whether there is substantial evidence . . . of each essential element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Hoyle*, 373 N.C. 454, 458, 838 S.E.2d 435, 439 (2020) (cleaned up). In reviewing a motion to dismiss, our Supreme Court has instructed courts to apply

> long-established legal principles that the evidence must be considered in the light most favorable to the State upon a defendant's motion to dismiss a criminal charge, that the State is entitled to every reasonable inference from the evidence in the face of a defendant's motion to dismiss, and that evidence which supports a contrary inference is not determinative on a motion to dismiss[.]

*State v. Blagg*, 377 N.C. 482, 490, 858 S.E.2d 268, 274 (2021). "Contradictions and discrepancies do not warrant dismissal of the case; rather, they are for the jury to resolve." *State v. Franklin*, 327 N.C. 162, 172, 393 S.E.2d 781, 787 (1990). "The trial court, in considering a motion to dismiss, may not weigh the credibility of the witnesses." *State v. Lewis*, 172 N.C. App. 97, 107, 616 S.E.2d 1, 7 (2005). If "the evidence supports a reasonable inference of the defendant's guilt, a motion to dismiss

is properly denied[.]" *State v. Miller*, 363 N.C. 96, 99, 678 S.E.2d 592, 594 (2009).

In the case *sub judice*, the State presented testimony from Detective Herman, New Hanover County clerk of Superior Court Jennifer Wittenberg, pawn shop manager Brycen Shenker, and pawn shop clerk Stephanie Silva. The State also provided other evidence, including the ATF form 4473 Defendant filled out, video of the transactions at the pawn shop, and a record of Defendant's plea arrangement from 2002. The State presented uncontroverted evidence that (1) Defendant accepted a plea arrangement in 2002 which resulted in him becoming a convicted felon; (2) Defendant engaged in a transaction at a local pawn shop in which he held an unloaded firearm before placing the firearm on layaway in November 2022; and (3) Defendant returned to the pawn shop and completed an ATF form 4473 stating that he had never been convicted of a felony in January 2023.[1] Taken in the light most favorable to the State, and giving every reasonable inference, there is ample evidence to support the allegation that Defendant provided false information to a firearms dealer and attempted to possess the firearm. Therefore, the trial court did not err in denying Defendant's Motion to Dismiss at the close of the State's evidence.

Defendant presented no evidence beyond his testimony in his own defense. Defendant testified he had attended an expunction clinic at the local library and after

---

[1] On page five of ATF form 4473 "exceptions" to prohibited persons states, "[a] person subject to any of these exceptions [which includes persons who have received an expungement under the law in the jurisdiction where they were convicted] . . . should answer 'no' to the applicable question."

his meeting with the attorney believed his previous felony to have been expunged and as such, he believed he was legally allowed to answer the ATF form 4473 question about previous felonies by responding no. The State did not rebut Defendant's testimony or present any direct evidence that Defendant actually knew his felony had not been expunged. However, when reviewing a motion to dismiss, this Court must give the State the benefit of every inference and cannot weigh the credibility of the witness' testimony as such is the providence of the jury. Therefore, we hold the trial court did not err by denying Defendant's Motion to Dismiss at the close of all the evidence and allowing the issues of credibility to reach the jury for determination. We find no error in the trial court's denial of both motions to dismiss.

**B. Jury Instructions**

Defendant contends the trial court prejudicially erred when it failed to instruct the jury accurately on attempt, including that the jury was required to find (1) Defendant *intended* to possess a firearm with the awareness that he was a felon and (2) that he committed an *overt act* towards the possession. We agree.

"Where a defendant has properly preserved [his] challenge to jury instructions, an appellate court reviews the trial court's decisions regarding jury instructions *de novo*. . . . Failure to give the requested instruction where required is a reversible error." *State v. McVay*, 287 N.C. App. 293, 300, 882 S.E.2d 598, 604 (2022) (cleaned up).

"In order to prove an attempt of any crime, the State must show: (1) the intent

to commit the substantive offense, and (2) an overt act done for that purpose which goes beyond mere preparation, but (3) falls short of the completed offense." *State v. Fabian*, 286 N.C. App. 712, 717, 882 S.E.2d 99, 104 (2022) (quoting *State v. Sines*, 158 N.C. App. 79, 85, 579 S.E.2d 895, 899 (2003)). "A trial judge is required . . . to instruct the jury on the law arising on the evidence. This includes instruction on the elements of the crime. Failure to instruct upon all substantive or material features of the crime charged is error." *State v. Whiteley*, 172 N.C. App. 772, 780, 616 S.E.2d 576, 581 (2005) (cleaned up).

However, as the State contends,

> [t]he charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed. The party asserting error bears the burden of showing that the jury was misled or that the verdict was affected by an omitted instruction. Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury.

*Bass v. Johnson*, 149 N.C. App. 152, 160, 560 S.E.2d 841, 847 (2002) (cleaned up).

In the case *sub judice,* both the State and the defense clearly requested jury instructions on attempt during the charge conference which took place prior to the defense's presentation of evidence.

> Prosecution: I guess the only other thing along the same lines - - the same paragraph - - attempted possession of firearm by felon - - after we say "you would then consider

whether the defendant's guilty of attempted possession of firearm by felon," do we then want to tell them what attempted is just so it's clear? That - - I mean - - same element except intended to possess or have care, custody and control versus, you know, having it. . . .

Court: Do you have a standard jury instruction on intent that you would like to reference?

Prosecution: No. But they're getting the intent instructions.

Court: Right. They're getting the intent in there, but I didn't know if you had one specifically on attempt that you'd like to use?

Defense: All I would say, Your Honor, is that if we are going to do that, then I would ask for the designation on the possession crime and the attempt that possession is a general intent crime and attempt is a specific intent crime, if we're going to make those amendments and add that. So I would make that request on a piggyback along with what the State is saying.

When summarizing its planned jury instructions, the trial court laid out many of the intended instructions and highlighted several pattern jury instructions including general intent. When discussing the attempted possession instructions the trial court stated, "we discussed the rest of the possession of firearm by felon. We've inserted 104.41 [actual-constructive possession]. And I am modifying the last paragraph under that section to flow better between the actual possession for firearm by felon and finding an attempted possession of firearm by felon." However, when instructing the jury the trial court merely stated,

Court: If you do not so find or have a reasonable doubt as to one or both of these things, you must then consider whether the defendant is guilty of attempted possession of a firearm by a felon. If you find from the evidence beyond a reasonable doubt that on February 6, 2002, the defendant pled guilty to the felony of possession of cocaine that was committed on August 27, 2001 in violation of the laws of the State of North Carolina and the defendant after February 6, 2002, to wit, November 28, 2022, attempted to possess or attempted to have within defendant's custody, care or control a firearm, it would be your duty to return a verdict of guilty of attempted possession of a firearm by a felon.

The trial court did not instruct on the elements of attempt but merely inserted the word "attempt" in front of the words "possession of a firearm by a felon." After the trial court sent the jury to deliberate, the parties again addressed the issue of instructions on attempt:

Court: Any corrections or clarifications besides the three scrivener's errors in the jury instructions that I'm going to send back to the jurors in the jury room?

Defense: Your Honor, I realize that you probably should have given them an attempt instruction. So [I] know it wasn't done at that time, but I'm just realizing it now.

Court: Okay. State, do you want to be heard on whether or not to give a specific instruction to finding attempt?

Prosecution: You know, I think we've talked about this that, you know, we felt intent's defined and basically saying he intended to - - for the intent. So I think it's - - I left it in your discretion earlier, Judge. I leave it in your discretion again. I think it's - - satisfactory through with the - - with the current instructions as they are.

> Court: Okay. So I appreciate your objection. We're going to note it. For right now, I'm not going to overrule it. What I'm going to say is, I'm going to deny your request with allowing to open - - to reopen it. If the jurors come back and ask for more specific instructions on attempt itself. It might be a moot point depending on whether they either, A, find him guilty and don't - - possession of firearm by a felon and don't get to the attempt or, B, they just might find him not guilty of it and not have a question. Does that sound like a fair way to handle it?

> Defense: Yes, as long as Your Honor will note my objection.

The trial court clearly failed to instruct on the elements of attempt, and Defendant made clear objections preserving this issue for review. Therefore, the trial court's failure to instruct is reversible error if "such error was likely, in light of the entire charge, to mislead the jury." *Bass v. Johnson*, 149 N.C. App. 152, 160, 560 S.E.2d 841, 847 (2002). *See also McVay*, 287 N.C. App. At 300, 882 S.E.2d at 604.

To be convicted of an attempt offense the jury must find Defendant had the intent to commit the substantive offense and he completed an overt act that goes beyond mere preparation but falls short of the completed offense. *Fabian*, 286 N.C. App. At 717, 882 S.E.2d at 104. In this case not only did the trial court not inform the jury that an overt act beyond preparation was required, but it also failed to clarify what type of intent was required.

The trial court gave no instruction to the jury that an overt act was required or what constitutes an overt act beyond preparation. This Court has previously summarized the requirement of an overt act as follows:

> In order to constitute an attempt, it is essential that the defendant, with the intent of committing the particular crime, should have done some overt act adapted to, approximating, and which in the ordinary and likely course of things would result in the commission thereof. Therefore, the act must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation. It must not be merely preparatory. In other words, while it need not be the last proximate act to the consummation of the offense attempted to be perpetrated, it must approach sufficiently near to it to stand either as the first or some subsequent step in a direct movement towards the commission of the offense after the preparations are made.

*State v. Miller*, 344 N.C. 658, 668, 477 S.E.2d 915, 921 (1996) (quoting *State v. Prince*, 280 N.C. 154, 158, 184 S.E.2d 866, 869 (1971)). Without instructions that an overt act and not "preparation" is necessary for Defendant's behavior to constitute attempt, it is impossible for the jury to weigh the facts against the law effectively.

The State contends Defendant possessed or attempted to possess the firearm on 28 November 2022 when he initially handled the unloaded and secured firearm and placed it on layaway. The jury clearly did not determine the facts sufficient to find Defendant guilty of possession. Without instruction on the distinction between preparation and "over acts" it is unclear whether the jury would have considered layaway anything more than preparation for a possession that never occurred. Therefore, if properly instructed on the requirement of overt actions a jury may have found this element unmet.

Additionally, the trial court gave the pattern jury instruction on the

definition of general intent prior to the substantive instructions on both charges:

> [i]ntent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred. You arrive at the intent of a person by such just and reasonable deductions from the circumstances proven as a reasonably prudent person would ordinarily draw therefrom.

N.C.P.I.-Crim. 120.10. However, our Supreme Court has held, "[t]he crime of attempt requires an act done with the specific intent to commit the underlying offense." *State v. Coble*, 351 N.C. 448, 449, 527 S.E.2d 45, 46 (2000). As such, "[a]n attempted crime is an intentional 'overt act' done for the *purpose* of committing a crime but falling short of the completed crime. *State v. Broome*, 136 N.C. App. 82, 87, 523 S.E.2d 448, 453 (1999) (emphasis added).

While there is a dearth of caselaw on attempted possession of a firearm by a felon, this Court considered a case on aiding and abetting the possession of a firearm by a felon in *State v. Gunter*. Aiding and abetting is another inchoate crime which is related to and reliant upon the underlying crime, in this case possession of a firearm by a felon. A person is guilty of aiding and abetting if, among other elements, they "*knowingly* advised, instigated, encouraged, procured, or aided the other person to commit that crime." *State v. Goode*, 350 N.C. 247, 260, 512 S.E.2d 414, 422 (1999) (emphasis added). Both attempt and aiding and abetting add a specific intent component to the underlying crime, *purpose* in the case of attempt and *knowing* in the case of aiding and abetting. This Court ruled in *Gunter* that evidence was

sufficient to prove aiding and abetting possession of a firearm by a felon when the evidence supported that Defendant (1) provided the firearm to the individual *and* (2) Defendant knew of the prior felony. *State v. Gunter*, 289 N.C. App. 45, 51, 887 S.E.2d 745, 749 (2023). In the case *sub judice,* the specific intent required, whether the Defendant knew of his prior felony, was not accurately instructed and was a factual question of credibility necessary for the jury to determine.

The State contends that because the jury reached a verdict of guilty on the charge of providing materially false information, the jury must have determined that Defendant knew he was a felon when he attempted to purchase the firearm and, therefore, the jury already determined the necessary intent for attempt. This may have been a valid argument if not for the State's blatant misstatements of law during closing arguments which the trial court failed to stop or correct either during the State's closing argument or in the trial court's own instructions to the jury. During the State's closing arguments to the jury, the prosecutor stated,

> You – I'll go step further. Even if you think the defendant's statement was credible, even if you believe every single word he said on the stand, it is still - - violated this element [referencing element 3 of N.C. Gen. Stat. §14-408.1(c), that Defendant knew the information to be false]. It is still a materially false statement he knew because this question that he carefully analyzed on the computer screen - - carefully clicked a button - - is have you ever been convicted in any Court of a felony regardless of the length of the sentence including probation. Ever been convicted of a felony. He had been convicted of a felony. He knew that. Asked the question - - you've got it expunged or not. The - - the question is have you ever - - convicted of a felony. He

> was. He knew it. That's a materially false statement. If he thought it'd been expunged fine. It's gone. But the question is have you ever been convicted of a felony, and that was a false statement he made. He said he had not been convicted of a felony. He certainly was.

This is a clear and egregious misstatement of the law that was extremely likely to cause confusion in the jury deliberations and would be highly prejudicial to Defendant. If the jury believed "every single word he said on the stand" then they believed Defendant did not know the information he provided on the form to be materially false because he believed the felony was expunged. The ATF form 4473 entered into evidence by the State, clearly stated that an exception to questions regarding prohibited persons, such as the question at issue here, includes persons who have received an expungement and "[a] person subject to any of these exceptions . . . should answer 'no' to the applicable question." If Defendant honestly believed his felony conviction was expunged, then under the exceptions as laid out on the ATF form itself, he filled out the form correctly based on his knowledge at the time. Element three of providing materially false information under N.C. Gen. Stat. §14-408.1(c), requires that Defendant know the information to be false. Therefore, the jury could not believe everything Defendant said on the stand and still find him guilty of providing materially false information. This directly contradicts the prosecutor's statement to the jury: "[e]ven if you think the defendant's statement was credible, even if you believe every single word he said on the stand, it is still - - violated this element . . . ." The trial court should have corrected this erroneous and clearly

prejudicial statement of law *sua sponte* notwithstanding the defense attorney's failure to object. Failing to make this correction would clearly have been prejudicial error by the trial court had Defendant raised such issue on appeal. "It is not the role of the appellate courts, however, to create an appeal for an appellant." *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005).

We cannot conclude the jury actually determined the necessary intent for attempted possession in light of the State's egregious statement, because the jury may have reached a verdict of guilty on the materially false information charge based on a misstatement of the law. Additionally, the trial court's failure to address the misstatements concerning intent on the materially false information charge significantly increases the likelihood, "in light of the entire charge," that the trial court's failure to instruct the jury on the necessary specific intent for the attempted possession charge misled the jury. *Bass*, 149 N.C. App. at 160, 560 S.E.2d at 847. Therefore, we hold the trial court prejudicially erred in failing to clearly instruct the jury on the elements of attempt, including the necessary elements of intent and overt acts, and we remand for a new trial on the charge of attempted possession of a firearm by a felon.

## C. Rule 2 Request

Finally, Defendant requests that this Court invoke Rule 2 to address the constitutionality of N.C. Gen. Stat. §14-415.1 which bars the possession of a firearm by a felon.

Constitutional issues not raised in the trial court will not be considered for the first time on appeal. *State v. Lloyd*, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001). Defendant acknowledges his failure to raise any constitutional issues at trial and now requests this Court in its discretion invoke Rule 2 to address this issue. Under Rule 2, this Court may suspend the Appellate Rules "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest." N.C. R. App. P. 2. However, our Supreme Court has directed, "the exercise of Rule 2 was intended to be limited to occasions in which a fundamental purpose of the appellate rules is at stake, which will necessarily be rare occasions." *State v. Hart*, 361 N.C. 309, 316, 664 S.E.2d 201, 205 (2007) (cleaned up). Further, "precedent cannot create an automatic right to review via Rule 2. Instead, whether an appellant has demonstrated that his matter is the rare case meriting suspension of our appellate rules is always a discretionary determination to be made on a case-by-case basis." *State v. Griffin*, 298 N.C. App. 85, 93, 914 S.E.2d 8, 14 (2025) (quoting *State v. Campbell*, 369 N.C. 599, 603, 799 S.E.2d 600, 603 (2017)).

Defendant contends this Court should invoke Rule 2 because allowing the conviction "would cause a manifest injustice" based on the factual circumstances of a "single, non-violent, two-decade-old felony." However, Defendant fails to differentiate the facts of this case from every other individual convicted of a single non-violent felony who failed to preserve their constitutional argument at trial. "Because 'inconsistent application' of Rule 2 itself leads to injustice when some similarly

situated litigants are permitted to benefit from it, but others are not" we decline to address an issue that impacts so many through this extraordinary procedure. *State v. Bishop*, 255 N.C. App. 767, 770, 805 S.E.2d 367, 370 (2017) (quoting *State v. Hart*, 361 N.C. 309, 317, 664 S.E.2d 201, 206 (2007)).

### III.    Conclusion

For the foregoing reasons, we find no error in the trial court's denial of Defendant's motions to dismiss and decline to invoke Rule 2 to address constitutional issues not raised at trial. Because the trial court failed to instruct the jury on the elements of attempt and the State made erroneous statements of law concerning intent which likely misled the jury in applying the necessary intent for attempt, we find prejudicial error and remand to the trial court for a new trial on the attempted possession of a firearm charge.

NO ERROR IN PART, PREJUDICIAL ERROR IN PART, AND REMANDED FOR NEW TRIAL.

Chief Judge DILLON and Judge COLLINS concur.